Janet IJAMES, et al., Plaintiff/Respondent,

v.

T.G. GEILER, Defendant/Appellant.

No. 55242.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 26, 1989.

Rehearing Denied Feb. 6, 1990.

T.G. Geiler, St. Marys, defendant/appellant, pro se.

Dennis H. Tesreau, Randall D. Sherman, Hillsboro, and Milton W. Schaeffer, Olivette, for plaintiff/respondent.

CARL R. GAERTNER, Judge.

Defendant, T.G. Geiler, appeals from the judgment of the trial court setting aside collector's and trustee's deeds and quieting title to certain property in plaintiff, Janet Ijames. We affirm.

On August 12, 1980, plaintiff, then named Janet Strahl, purchased the property at issue in this case for $21,500 and received, in return, a general warranty deed.[1] That deed, however, misspelled plaintiff's last name as "Struhl." Her address was shown on the deed as 291C, Sweet Creek, Ballwin, Mo. Soon after pur-

chasing the property, plaintiff moved her residence from Ballwin, Missouri to the Jefferson County property.

Initially, the mailing address of that property was Route 1, Box 379C, Arnold, Missouri 63010. At the request of the United States Post Office, the address was changed to: 691 Berry Drive, Arnold, Missouri, 63010. Even so, plaintiff also receives mail addressed: Route 1, Box 379C, Tenbrook Road, Arnold, Missouri 63010. Complicating matters further, plaintiff married Berry Ijames on November 14, 1981, and took his last name for her own. Plaintiff and her husband reside in one of their three mobile homes located on the Jefferson County property.

Plaintiff has paid her Jefferson County personal property taxes and her City of Arnold real estate taxes yearly since 1981. These bills were either correctly addressed or subsequently forwarded to plaintiff's current address. Plaintiff's Jefferson County real estate tax bills, however, were sent to plaintiff's former Ballwin residence under the name "Janet Struhl" and never received or paid by plaintiff.

In response to plaintiff's failure to pay her real estate taxes, the Jefferson County Collector's Office published Notices of Trustee's Sale, pursuant to § 140.170. The first notice, on August 9, 1984, stated:

> 604—Struhl, Janet, PT. 21, Lots 21 .80 Acres Survey 2991, C–6 13; 1981, $40.15; 1982, $38.36; 1983, $27.80; Total, $106.31.

The second notice on August 8, 1985, stated:

> 716—Struhl, Janet, Pt, Lot 21 .80 Acres Survey 2991, C–6 13; 1981, $42.68; 1982,

---

1. The full description of this property as found in plaintiff's general warranty deed is as follows:

> Part of a larger tract of 3.47 acres in Lot Twenty-one (21) of U.S. Survey No. 2991, Township 43 North, Range 6 East, Jefferson County, Missouri, which larger tract was conveyed by Gary Robert Robinson and Mary Ann Robinson, his wife, by deed recorded in Book 313 at Page 453 of the Jefferson County Land Records: Beginning at an iron pipe, which is South 52 degrees 45 minutes West 441.75 feet from the most Northern corner of

> said larger tract, and running thence with the Northwest line of said larger tract, South 52 degrees 45 minutes West 323.45 feet to a point in the center of Tenbrook Road; thence with the center of Tenbrook Road, South 32 degrees 45 minutes East 100.31 feet; thence departing from the center line of Tenbrook Road and running North 52 degrees 45 minutes East 331.30 feet to an iron pipe; and thence North 37 degrees 15 minutes West 100.00 feet to the point of beginning, according to survey executed by Carl E. Myers, L.S. on August 13, 1975.

$49.92; 1983, $32.50; 1984, $26.05; Total, $151.34.

The third notice of trustee's sale on August 7, 1986, stated:

1026—Struhl, Janet, Pt. Lot 21, .80 Acres, Survey 2991, C–6 13; 1981, $45.56; 1982, $55.48; 1983, $43.22; 1984, $30.47; 1985, $119.90; Total, $294.71.

On August 26, 1986, the County Commission of Jefferson County ordered a collector's deed issued to Judy Kuhlman as county trustee of the property for the non-payment of taxes, costs, and charges owed by "Janet Struhl." That deed, recorded with the Jefferson County Land Records Office, authorized the county trustee to sell the property for the recovery of delinquent taxes, interest, and costs. The collector's deed listed the property with the following legal description:

Part Lot 21 .80 Acres Survey # 2991 School Dist. C–6 Road Dist. # 13

Then, on April 7, 1987, defendant purchased plaintiff's property at a delinquent tax sale for $365.98. Defendant received in return for his payment, a receipt from the county trustee, a collector's deed, and a trustee's deed. The unrecorded trustee's deed similarly described the property:

Part Lot 21 .80 Acres Survey # 2991 School Dist. C–6 Road Dist. # 13.

On May 15, 1987, plaintiff filed a petition to set aside the collector's and trustee's deeds defendant obtained by paying the real estate taxes owed on plaintiff's property. Plaintiff sought to set aside defendant's deeds pursuant to § 140.530 RSMo. 1986 on the grounds that the legal description of the property as stated in the notices of sale, collector's deed and the trustee's deed did not describe the property with reasonable certainty. Defendant responded by denying the allegations of plaintiff's petition and filing a cross-bill to quiet title in him.

The trial court concluded that the description in the notices of sale, the collector's deed and the trustee's deed did not describe plaintiff's property with reasonable certainty since they did not state which portion of Lot 21 of Survey 2991 was involved. The trial court denied defendant's cross-bill and quieted title in plaintiff. The sole issue raised by defendant on appeal is whether the legal descriptions of the property as described in the notices of sale, the collector's deed and the trustee's deed were "so imperfect as to fail to describe the land or lot with reasonable certainty," thereby rendering the conveyance for taxes invalid under § 140.530 RSMo. 1986.

The scope of appellate review of a court tried case is well settled. We must affirm the trial court's decision unless the judgment is not supported by substantial evidence, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ The test to be applied in evaluating the sufficiency of a property's description in a tax sale is the "reasonable certainty" test. *McCready v. Southard*, 671 S.W.2d 385, 389 (Mo.App.1984). Section 140.530 provides:

No sale or conveyance of land for taxes shall be valid if at the time of being listed ... the description is so imperfect as to fail to describe the land or lot with reasonable certainty.

"This language quite plainly indicates that the failure of a description to describe the land in question with reasonable certainty is a sufficient condition for invalidity." *McCready*, 671 S.W.2d at 389.

In *Moise v. Robinson*, 533 S.W.2d 234 (Mo.App.1975), the court held that a collector's deed with the legal description "Pt. Lot 2 SW ¼, Section 18, Township 40, Range 3," failed to describe the property with reasonable certainty. 533 S.W.2d at 241. There, the court found:

All that [the deed] shows is that some part of Lot 2 in the southwest quarter, section 18, township 40, range 3 was conveyed. Since the land described cannot be identified with reasonable certainty, it is ineffective to pass an interest. 533 S.W.2d at 241.

Similar deed descriptions which added the amount of acreage, the survey number and the school and road district numbers

were also held to be insufficient to constitute a valid conveyance under § 140.530. *Id.*

■ In the present case, the legal descriptions of the defendant's deeds similarly fail to identify the property with reasonable certainty. The notices of sale, the collector's deed, and the trustee's deed all make reference to "Pt. Lot 21 .80 Acres, Survey # 2991 School Dist. C–6 Road Dist # 13." The trial court found, and we agree, that this description fails to establish with reasonable certainty what portion of Lot 21 is conveyed. The legal description describes, at most, .80 acres of a 32 acre lot, without reference to which .80 acres are to be conveyed. Such a description fails to describe plaintiff's land with reasonable certainty and is, therefore, invalid under § 140.530.

In the trial court's findings and conclusions, the court grounds this decision, in part, on the testimony of Harold Lindner, a title examiner from First American Title Company. At trial, Mr. Lindner testified that the notices of sale, the collector's deed and the trustee's deed were not complete descriptions of the property. Defendant contends that the trial court relied on this testimony and erroneously applied a "complete description" standard rather than the appropriate test of reasonable certainty. Defendant overlooks the additional testimony of Mr. Lindner that survey 2991 shows Lot 21, to consist of 32.44 acres. He was unable to determine from the description in the notices, trustee's, and collector's deeds which .80 acres of Lot 21 as shown on survey 2991 was the involved parcel. Moreover, although defendant claimed to have identified the property with ease, plaintiff presented the testimony of a neighbor, one of the ten different owners of property within Lot 21, who said that in April, 1987, defendant came to her property, "flashing this map around," and claimed he had purchased her property for back taxes.

The trial court is free to determine the credibility of witnesses and accept or reject their testimony in whole or in part. *Feinstein v. Cobur Corp.,* 721 S.W.2d 763, 765 (Mo.App.1986). The record provides ample support for the trial court's conclusion "that the legal descriptions do not describe the properties in question with reasonable certainty."

Defendant's reliance on *Mason v. Whyte,* 660 S.W.2d 383 (Mo.App.1983) is misplaced. In holding that a description in a collector's deed described the land "with reasonable certainty," the court specifically noted the land consisted of the entire lot specified by number. For this reason, the *Mason* court distinguished *Moise v. Robinson, supra,* in which the description "was only of a part of a lot in a quarter section. What part of it was could not be determined." *Mason* at 387. This same fatal flaw afflicts the descriptions here: they do not permit a determination of which .80 acres within the 32.-44 acres of Lot 21 are purportedly described.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and correctly declares and applies the law. Accordingly, the judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.