**Howard E. PODLESAK and Marilyn D. Podlesak, Plaintiffs–Respondents,**

v.

**Charlie WESLEY, Jr., Defendant–Appellant.**

**No. 18178.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 24, 1993.

---

**3.** We have reviewed the photograph, submitted as an exhibit in the record on appeal.

Charles M. Wesley, Waynesville, for defendant-appellant.

Kevin C. Shelton, Osage Beach, for plaintiffs-respondents.

GARRISON, Judge.

This appeal is from the entry of a summary judgment quieting title to real estate in respondents (plaintiffs). Plaintiffs claim to own the land in question in fee simple. Appellant (defendant) claims an interest in a part of that land by reason of a collector's deed obtained by him as a result of a tax sale. Both parties focus the issues of this case on the sufficiency of the following description from the collector's deed:

Section 20 Township 39 Range 16
Pt Lot 8 Beg at Pt on W' Ly R/W 30'
Road
that is 1229' N & 522' W SE
08 4.0 20.0 000 001 002.002 [1]

---

1. A review of the collector's deed reveals that it described the property on which the taxes were owing in this manner, but that the portion of the deed describing the property actually being conveyed omits from the description the numbers "08 4.0 20.0 000 001 002.002." Plaintiffs'

Plaintiffs filed suit to quiet title, alleging that the collector's deed was void *ab initio* because the description was so imperfect that it failed to describe the land conveyed with reasonable certainty as required by § 140.530.[2] The petition also alleged that defendant had executed a quit claim deed in favor of plaintiffs, which he later sought to rescind, but which would support a decree quieting title if the collector's deed is valid.

Defendant denied that the collector's deed was void *ab initio*, alleged that his quit claim deed to plaintiffs lacked adequate consideration, and denied that the quit claim deed would deprive him of title if the collector's deed were found valid. Defendant also filed a counterclaim alleging the quit claim deed was induced by misrepresentations and requested that it be considered canceled and plaintiffs "be adjudged to reconvey the said premises to the defendant."

Plaintiffs' motion for summary judgment[3] followed and was supported by the affidavit of Lonny Allen, a registered Missouri land surveyor, stating that the description in the collector's deed "is an incomplete description and fails to describe any real property with reasonable certainty and it is not possible to determine what parcel, if any, is intended to be conveyed thereby." Defendant responded with suggestions and the affidavit of Richard Elgin, a registered Missouri professional engineer and also a registered Missouri land surveyor, saying: "That I am reasonably skilled in determining land locations and based upon the partial legal description, including the land parcel identification number, that the aforesaid legal description describes real property with reasonable certainty and it is possible to locate said land."

Amended Motion For Summary Judgment, as well as the affidavit filed in support, utilized the above description with the identifying numbers. The same is true of the affidavit submitted by defendant in opposition to the motion. Therefore, we will do the same as the parties, and will treat the above description as the one which is determinative of the issues here.

2. All statutory references are to RSMo 1986, and all rule references are to Missouri Rules of Civil Procedure (1992), unless otherwise indicated.

The trial court entered summary judgment, finding that the description "is insufficient, invalid and void as it fails to describe any real property with reasonable certainty," and further that "the inclusion of the Camden County Assessor's land parcel identification number does not establish a proper legal description for real property."[4] This appeal followed.

■ Defendant's counterclaim was not disposed of nor was there an "express determination that there is no just reason for delay" as authorized by Rule 74.01. Ordinarily, this would require us to review jurisdiction *sua sponte* and dismiss the appeal because the judgment lacks finality. *Bay's Texaco Serv. & Supply Co., Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App.1990). Here, however, the parties appear to be in agreement that defendant's interest in the subject property, if any, has its origin in, and would be determined by, the validity of the collector's deed in question. In addition, the trial court, in its docket entry, observed that the counterclaim was rendered moot by the summary judgment. Under these circumstances, we agree with the opinion in *White v. American Republic Ins. Co.,* 799 S.W.2d 183, 195 (Mo.App. 1990), where this court said, "... we find the judgment for plaintiff necessarily constituted a rejection of defendant's counterclaim and that the judgment is appealable despite omission of an adjudication on defendant's counterclaim." As the court said in *Pathway Financial v. Schade,* 793 S.W.2d 464, 466 (Mo.App.1990), "[t]he trial court's grant of summary judgment contains an implicit ruling against defendants on their counterclaim." We will, therefore, proceed to discuss the merits of this appeal.

3. The motion for summary judgment was directed only to the sufficiency of the description in the collector's deed and not to the validity or effect of the quit claim deed.

4. The numbers "08 4.0 20.0 000 001 002.002" will be referred to as the "land parcel identification number."

■ Plaintiffs, in the argument portion of their brief, question whether defendant's Points Relied On comply with Rule 84.04(d). We agree that neither complies with the strict requirements of the Rule. Where possible, however, our preference is to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *State ex rel. Aimonette v. C. & R. Heating & Serv. Co.*, 475 S.W.2d 409, 412 (Mo.App.1971). Here, we can discern the gist of the complaints from the argument portions of the briefs and will in this instance consider the same. *Hounihan v. Farm Bureau Mut. Ins. Co. of Mo.*, 523 S.W.2d 173, 174 (Mo.App.1975).

■ The issue here is whether the trial court erred in entering summary judgment. Review of a summary judgment is equivalent to review of a court-tried case and must be sustained if, as a matter of law, the judgment is sustainable on any theory. *Roberts Fertilizer, Inc. v. Steinmeier*, 748 S.W.2d 883, 886 (Mo.App.1988). To be entitled to a summary judgment, plaintiffs had the burden to demonstrate that there was no genuine issue as to any material fact and that they were entitled to a judgment as a matter of law. Rule 74.04; *Earl v. State Farm Mut. Auto. Ins. Co.*, 820 S.W.2d 623, 624 (Mo.App.1991). Great caution should be exercised in granting a summary judgment because it borders on the denial of due process. *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 884 (Mo.App. 1985). Our review is of the entire record in the light most favorable to the party against whom the summary judgment was entered. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984). In doing so, we give that party all reasonable inferences which may be drawn from the evidence in determining whether a genuine issue of fact exists. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

■ In reviewing the propriety of the summary judgment here, the question is whether there are genuine issues concerning the sufficiency of the legal description in the collector's deed which would prevent plaintiffs from being entitled to a judgment as a matter of law.

Section 140.530 provides, in pertinent part:

No sale or conveyance of land for taxes shall be valid ... if the description is so imperfect as to fail to describe the land or lot with reasonable certainty....

Plaintiffs argue that the description (with or without the land parcel identification number) is violative of § 140.530.

We agree that the description here, if taken alone without reference to extrinsic evidence, obviously fails to describe the property intended to be conveyed "with reasonable certainty." The conclusion that no one could locate the real estate based on the description alone is not solely determinative here, however. It is not required that a deed contain a sufficient description so that, based on it alone, the property can be located. *Mason v. Whyte*, 660 S.W.2d 383, 387 (Mo.App.1983).

We are mindful that the case of *Costello v. City of St. Louis*, 262 S.W.2d 591 (Mo. 1953), cited by plaintiffs, (which was later overruled on other issues) refers to the necessity of descriptions in tax proceedings being sufficient, in and of themselves, to describe the property being conveyed. *Leuck v. Russell*, 632 S.W.2d 40, 43 (Mo. App.1982), however, explained that the references in the *Costello* case, *supra*, requiring the "full description" are to statutes concerning land delinquent lists and not to collector's deeds. This court held in *Leuck* that the "reasonable certainty" requirement for tax deeds is no different than is required for deeds generally.

■ In construing a deed, the intention of the grantor, as manifested by the entire instrument, is to be ascertained and the property being conveyed may be identified by reference to extrinsic evidence. *Monroe v. Lyons*, 98 S.W.2d 544, 546–47 (Mo. 1936). In *Monroe*, the court quotes the following, with approval:

Extrinsic facts pointed out in the description may be resorted to to ascertain the land conveyed, and the property may be identified by extrinsic evidence, as in the case of records of the county where the land is situate.

98 S.W.2d at 547.

The rule of construction was stated another way in *Hamburg Realty Co. v.*

*Woods,* 327 S.W.2d 138, 150 (Mo.1959), where the court said:

> In general, any description in a deed is sufficient if it affords the means of identification of the property. 26 C.J.S. Deeds § 30, p. 640; *Mathews v. O'Donnell,* 289 Mo. 235, 233 S.W. 451, 457. Extrinsic evidence is always admissible to explain boundary calls and to apply them to the subject matter and thus give effect to the deed. *City of Warsaw v. Swearngin,* Mo., 295 S.W.2d 174, 181. "[A] court will declare a deed void for uncertainty of description only where, after resorting to oral proof or after relying upon other extrinsic or external proof or evidence, that which was intended by the instrument remains mere matter of conjecture, * * *"

*See also Czarnecki v. Phillips Pipe Line Co.,* 524 S.W.2d 153, 157 (Mo.App.1975).

■ It is permissible for a deed to refer to other instruments or documents, such as maps, plats, surveys and assessor's plans, to provide the basis for identification of the property being conveyed. 26 C.J.S. *Deeds* § 30(f), p. 652–654 (1956). This premise is further supported by the case of *Ijames v. Geiler,* 783 S.W.2d 934 (Mo.App.1989), cited by plaintiffs. In that case, the description in a tax deed referred to "Survey # 2991." The description was held to be insufficient, but after there was evidence concerning the contents of the survey and the fact that it did not aid in delineating the specific property being conveyed. *Ijames v. Geiler,* 783 S.W.2d at 935. Another case cited by plaintiffs, *McCready v. Southard,* 671 S.W.2d 385 (Mo.App.1984), is distinguishable in that it dealt specifically with the sufficiency of the published notice of a tax sale and not a collector's deed which referred to extrinsic evidence.

■ In this case, the collector's deed contained a reference to the land parcel identification numbers which, according to defendant, represent identification numbers used by the Camden County Assessor's Office. Plaintiffs point out that the collector's deed does not specify the origin or meaning of those numbers. The affidavit of Richard Elgin, however, referred to the numbers as the "land parcel identification number." The trial court obviously found that the numbers referred to records in the assessor's office by referring to "the inclusion of the Camden County Assessor's land parcel identification number." There was no evidence or showing, however, as to what information is available through the land parcel identification numbers in the assessor's office to assist in identifying the property intended to be conveyed. This is especially pertinent since reference to extrinsic evidence is permissible and one of the affidavits indicated the property could be located.

If the land description is sufficiently definite that one reasonably skilled in determining land locations can locate it, it is sufficient. *Mason v. Whyte,* 660 S.W.2d at 386. Stated another way, the court in *Weber v. Johannes,* 673 S.W.2d 454, 458 (Mo.App.1984), said:

> It is elementary that a description in a deed is intended merely to furnish the means of identifying the parcel conveyed. Clark, Surveying and Boundaries § 456 (Grimes ed. 1976). Otherwise put, a description of a particular parcel is sufficient if a competent surveyor can locate the land on the ground.

■ Here, there were two affidavits by land surveyors filed in connection with the motion for summary judgment, both of which referred to the description, including the land parcel identification number. One said that the description, including the land parcel identification number, would permit locating the property. The other said it was not possible to determine what parcel was intended to be conveyed. On a motion for summary judgment, neither the trial court nor this court is authorized to determine the credibility of statements or testimony made under oath, but rather, that determination is for the fact finder at a complete trial. *Fenberg v. Goggin,* 800 S.W.2d 132, 134 (Mo.App.1990).

Disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). Based on the foregoing, we cannot conclude that

there is no genuine issue as to material facts so as to entitle plaintiffs to a judgment as a matter of law. We do not, by this opinion, suggest that the description in issue is sufficient to describe the property with "reasonable certainty." We only hold that, under the existing law, there is a genuine issue as to material facts (the sufficiency of the description to identify the land intended to be conveyed) so that plaintiffs are not entitled to a judgment as a matter of law. We are, therefore, constrained to reverse the judgment and remand for further proceedings.

MONTGOMERY, P.J., and FLANIGAN, J., concur.