WAYWARD, INC., a Missouri Corporation, Plaintiff/Respondent,

v.

Stanley and Eunice SHAFER, et al., Defendants/Appellants.

No. 69980.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 24, 1996.

Thomas P. Rosenfeld, Michael A. Rakov, Stone, Leyton & Gershman, A Professional Corporation, St. Louis, for defendants/appellants.

Jason M. Rugo, Paula L. Colman, Jenkins & Kling, P.C., St. Louis, for plaintiff/respondent.

GERALD M. SMITH, Judge.

Plaintiff, Wayward, Inc., received a trustee's deed for a parcel of real estate located in St. Louis County. The trustee's deed was in turn based upon a collector's deed arising from a third sale of the property for unpaid taxes. Plaintiff filed an action to quiet title and the trial court granted plaintiff a summary judgment quieting title in it. The prior owners, the Shafers, appeal.[1] We affirm.

Plaintiff's motion for summary judgment set out that the Collector of Revenue offered the real property for public sale on three occasions in 1980, 1981 and 1982. The Collector conveyed the property on August 23, 1982, to the then-serving Trustee for St. Louis County.[2] A copy of the collector's deed which contained this information was attached to the motion for summary judgment. That deed further showed the prior owners to be the Shafers and recited compliance with the statutory prerequisites for a tax sale. It was then alleged that the successor trustee conveyed the property to plaintiff on May 17, 1995. A copy of the trustee's deed was attached to the motion for summary judgment and contained the facts alleged. The copies of the collector's deed and the trustee's deed each bore markings reflecting they were filed for record with the Recorder of Deeds.

The motion asserted plaintiff's status as fee simple owner of the parcel and that none of the other defendants had asserted a genuine issue of material fact with regard to the superiority of plaintiff's interest over them. It further alleged that the defenses raised in the Shafers' answer, i.e., unclean hands, laches and estoppel ... were barred by the statute of limitations contained in § 140.590 RSMo 1994.

The motion for summary judgment was accompanied by a memorandum in support.

The Shafers filed a memorandum in opposition to plaintiff's motion for summary judgment. They did not admit or deny each of the factual statements of plaintiff in separately numbered paragraphs. Rather they raised in narrative form that plaintiff was not entitled to summary judgment because the collector's deed is void on its face in that it fails to comply with the statutory requirements set forth in § 140.460 RSMo 1994, requiring the conveyance be witnessed by the county clerk. They further alleged that plaintiff had failed to demonstrate that the Collector's Delinquent Land List, Notice of

---

1. Additional parties were joined in the action who might be claiming an interest in the property other than title. The trial court made the requisite finding under Rule 74.01(b) that there was no just reason for delay. Only the Shafers have appealed.

2. § 140.260 RSMo 1994.

Sale and Deed describe the property with reasonable certainty as required by §§ 140.030, 140.170 and 140.530 RSMo 1994. Attached to the memorandum were an affidavit and other papers reflecting that Richard Moore was the county clerk at the time of the collector's deed. Mr. Moore's name does not appear on the collector's deed. The trial court found the documents submitted in opposition to the motion for summary judgment did not comply with the requirements of Rule 74.04(c)(2) and therefore refused to consider them. The trial court granted summary judgment in favor of plaintiff.

■ Defendants challenge the adequacy of the plaintiff's motion for summary judgment on the basis that it does not meet the particularity requirement of Rule 74.04(c)(1). As to the *material* facts the motion fully complies with the rule. The deeds are *prima facie* evidence of the tax sale and the conveyance to plaintiff. § 140.460 RSMo 1994; *Mason v. Whyte,* 660 S.W.2d 383 (Mo.App. 1983)[2]. Those documents were attached to the motion for summary judgment.

Defendants assert that the copy of the collector's deed was not certified, but no objection was raised at the trial court level where it could have been corrected. The copies reflect recording information giving them the clear appearance of authenticity. Other facts set forth in the motion for summary judgment are supported by the deeds, or are immaterial, or flow as a matter of law from the facts established by the deeds. We find no insufficiency in the motion for summary judgment.

■ Defendants also premise error on the refusal of the trial court to consider the documents submitted by them in opposition to the motion. Because the response did not comply with the requirements of the rule the court could properly refuse to consider it.

■ The matters raised by the defendants, even if considered, do not prevent the entry of summary judgment. Defendants rely upon *Klorner v. Nunn,* 318 S.W.2d 241 (Mo.1958)[2] for the proposition that the statute of limitations set forth in § 140.590 has not yet run because the collector's deed is void because not witnessed by the County Clerk. In *Lohr v. Cobur Corp.,* 622 S.W.2d 270 (Mo.App.1981)[1] we held that a deed issued on a third offering sale did not have to be witnessed by the county clerk because § 140.460(1) which contains the witnessing requirement does not apply to third offering sales. Defendants suggest that we overrule *Lohr,* which we decline to do.

■ Defendants also contend that the collector's deed is void because the Deed did not give an accurate description of the land. *Sharp v. Richardson,* 182 S.W.2d 151 (Mo. 1944) [1,2]. The deed contained a tax locator number. "If the land description is sufficiently definite that one reasonably skilled in determining land locations can locate it, it is sufficient." *Podlesak v. Wesley,* 849 S.W.2d 728 (Mo.App.1993)[7]. The deed contains a description which in the absence of evidence to the contrary is sufficient to meet the above test. If that description is not sufficient it was the obligation of defendants to set forth in their response where in the pleadings, discovery or affidavits the fact that such description was indefinite appears. Rule 74.04(c)(2). They did not do so.

The plaintiff established in its motion for summary judgment *prima facie* evidence of its title to the real estate. This established the strength of its title. *Sharp v. Richardson, supra,* at [1,2]. Defendants presented nothing in response showing any material fact in dispute which would defeat that *prima facie* case. As stated previously, a collector's deed is *prima facie* evidence of valid title in fee simple and persons challenging that deed have the burden of proving its invalidity. *Mason v. Whyte, supra; Ruley v. Drey,* 643 S.W.2d 101 (Mo.App.1982)[1,2]. The court correctly granted summary judgment.

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.