Jeffrey Dale BOYD, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 23868.

Missouri Court of Appeals,
Southern District,
Division One.

May 9, 2001.

No appearance for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brian T. Rabineau, Asst. Atty. Gen., Jefferson City, for Appellant.

MONTGOMERY, Judge.

Based upon § 577.041.3,[1] the Director of Revenue (Director) revoked the driver's license of Jeffrey Dale Boyd (Boyd). The revocation resulted from Boyd's refusal to submit to a chemical test of his breath pursuant to § 577.020.1.

Subsequently, Boyd petitioned the Circuit Court of Howell County, Missouri, for review of his revocation as allowed by § 577.041.4. After an evidentiary hearing, the court entered judgment voiding the revocation. Director appeals.

The only evidence presented at trial came from the testimony of West Plains Police Officers Jason Long and Richard Rhoads. Their testimony established the following facts.

At approximately 12:37 a.m. on March 9, 1999, the dispatcher for the West Plains Police Department received a call which reported that a vehicle had run through barricades at the end of Seventh Street in West Plains. While Officer Long was responding to the call, the dispatcher received further information which was relayed to the responding officer. Before reaching the accident scene, Long observed an individual walking on Porter Wagoner Boulevard. The individual was headed in the same direction reported by the caller. The individual matched the caller's description of the person leaving the scene of the accident.

Upon stopping, Long approached this person (later identified as Boyd) and asked him "what was going on." Boyd said, "I

---

1. Statutory references are to RSMo Cum. Supp.1998 unless otherwise indicated.

believe you know that already. That's why you're here." Long observed that Boyd was possibly intoxicated because his stance was "very swaying," and he was "unsure of himself." Long asked him if he had been drinking, and Boyd stated, "Yeah, I've had a couple." Long asked Boyd if he had been driving or been in an accident. Boyd stated again, "Yeah, that's why you're here. You know that."

Soon, Officer Brauer arrived at the scene. At that point, Boyd denied that he had been drinking. The officers asked Boyd to perform certain field sobriety tests, which he refused. Boyd eventually became belligerent and was placed under arrest. He was placed in the patrol car and transported to the police station. While en route, Boyd stated that he had not been driving all night and claimed that someone had stolen his car. Once at the station, Boyd refused to supply a breath sample and continued his refusal after making a phone call to his wife.

Officer Rhoads testified that he received a report of the accident around 12:30 a.m. on the night in question. When he arrived at the end of Seventh Street, he found that a vehicle had run through a barricade and found no one in the vehicle. He discovered a six-pack of Busch beer inside the vehicle and found that the vehicle had suffered minor damage.

Boyd's lawyer argued at trial that the Director offered no proof that Boyd was observed driving the car because he was encountered several blocks away from the accident scene. The lawyer also argued that "there's not a shred of evidence showing that [Boyd] was intoxicated at the time of the accident."

Later, the trial court entered a formal judgment finding that Boyd was arrested by a West Plains Municipal Police Officer for the offense of driving while intoxicated. The judgment also found that at the time of the arrest "the arresting officer did not have reasonable grounds to believe that [Boyd] was driving a motor vehicle while in an intoxicated condition." However, the judgment made no finding on whether Boyd refused the breathalyzer test.

Director's brief presents one point relied on which reads as follows:

The trial court erred in setting aside the revocation of Boyd's driving privileges for refusing to submit to a chemical test, pursuant to § 577.041, RSMo Cum.Supp.1999, because its judgment was against the weight of the evidence and it misapplied the law in that the information available to Officer Long and the reasonable inferences therefrom were sufficient to lead an officer of reasonable caution to believe that Boyd had driven a motor vehicle while in an intoxicated condition.

Section 577.041 specifies the issues the trial court had to resolve. It reads, in pertinent part:

4. At the hearing the court shall determine only:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated ... condition; ...

. . . .

(c) ... and

(3) Whether or not the person refused to submit to the test.

5. If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive.

Plainly, this statute mandates that the trial court "shall determine" three issues

in deciding the case. In this case, the trial court was required to determine whether (1) Boyd was arrested, (2) Long had reasonable grounds to believe that Boyd was driving a motor vehicle while intoxicated, and (3) Boyd refused the breathalyzer test. The trial court determined (1) and (2) but made no determination regarding (3).

■ Although not raised by the parties, an appellate court is obligated to notice, *sua sponte,* matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). "A prerequisite to appellate review is that there be a final judgment." *Id.;* § 512.020, RSMo 1994. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454–55.

■ "For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination." *Cooper v. Continental Fidelity Surety Co.,* 851 S.W.2d 65, 67 (Mo.App.1993).[2] The purpose of this rule is to avoid "piecemeal presentation of cases on appeal." *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977) *overruled* on other grounds in *Magee v. Blue Ridge Professional Building Co.,* 821 S.W.2d 839, 842 (Mo. banc 1991).

Unless the trial court decides all the issues required by § 577.041.4, piecemeal presentation of the case on appeal can result. In this case, remand would be necessary for the trial court to decide issue (3) should we determine the Director's point is well taken. By the trial court

deciding all the issues mandated by the statute, piecemeal appeals are avoided.

Here, the trial court failed to determine all the issues required by § 577.041.4. As a result, the judgment is not final, and this Court has no jurisdiction.

Appeal dismissed.

PARRISH, P.J., and SHRUM, J., concur.

---

**2.** As exception to this general rule, Rule 74.01(b) permits an appeal from a judgment that disposes of less than all the parties and issues if the trial court makes "an express determination that there is no just reason for delay." The judgment in this case makes no reference to this exception.