**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Michael HOFFMAN, by and through his Next Friend, Marilyn SCHMUTZLER, formerly Don Roark, and Tanya Toebben, Appellant.**

**No. WD 58984.**

Missouri Court of Appeals,
Western District.

May 29, 2001.

Christopher P. Rackers, Jefferson City, for appellant.

Robert K. Angstead, Jefferson City, for respondent.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Michael Hoffman was injured during a weekend visit with his mother, Tanya Toebben. Michael, by and through his next friend, Marilyn Schmutzler, filed suit against his mother for his injuries. Ms. Toebben's homeowner's insurance company, American Family Mutual Insurance Company (American Family), filed a petition for declaratory judgment seeking a determination that Ms. Toebben's policy excluded any duty to pay for Michael's losses because Michael was a resident of Ms. Toebben's household at the time he

sustained his injuries. After both parties filed motions for summary judgment, the trial court granted American Family's motion. Michael appeals, claiming that the trial court erred in concluding that he was a resident of both his father's and mother's households at the time he sustained his injuries. Because this court finds that whether Michael was a resident of his mother's household at the time he sustained his injuries was a disputed issue of fact, the summary judgment in favor of American Family is reversed, and the cause is remanded.

## Factual and Procedural Background

The following are some of the facts to which the parties agree. Michael, who was born on August 5, 1985, is the son of Ms. Toebben and David Hoffman. Ms. Toebben and Mr. Hoffman were divorced on July 26, 1989. In the decree of dissolution, the court granted Ms. Toebben and Mr. Hoffman joint custody of Michael and his sister, with Mr. Hoffman having physical custody of the children subject to Ms. Toebben's liberal and reasonable visitation. The court also ordered the parties to abide by the terms of their separation agreement, which, with regard to custody, provided that:

Husband and Wife agree that they shall mutually exercise the joint care, custody, control and education of the minor children born of the marriage, to-wit: Michael Dean Hoffman and Jessica Lea Hoffman, sharing the decision making rights, responsibilities and authority relating to the health, education and welfare of the children. The physical placement of the children shall be with husband, subject to wife's liberal and reasonable visitation. This arrangement

is to be established with the intention that both Husband and Wife shall continue the "co-parenting" atmosphere, which the parties and the minor children have been maintaining.

Ms. Toebben and Mr. Hoffman also agreed that Ms. Toebben would not pay any child support, and that Mr. Hoffman would be responsible for providing all support for the children, even when the children were in Ms. Toebben's physical custody.

Since the dissolution, Michael has lived with his father in Russellville, Missouri, where he attends school. Michael generally spends every other weekend and approximately two weeks during the summer with his mother at her home in Taos, Missouri, which is 25 miles from his father's home in Russellville.

Ms. Toebben exercised one of her weekend visits with Michael on the weekend beginning Friday, April 10, 1998. Michael spent the night at Ms. Toebben's house on that Friday. On the next day, April 11, 1998, Michael was injured while riding a neighbor's all-terrain vehicle.

Michael subsequently filed a petition for negligence against Ms. Toebben.[1] In the petition, Michael alleged that he suffered injuries consisting of a severe right femur fracture, bruising, contusions, cuts, scrapes, pain and suffering, mental anguish, and impairment of his health, strength, vitality, his ability to perform daily duties and responsibilities, and his capacity to engage in his educational and recreational activities. Michael also alleged that the injuries required him to undergo medical treatment and will require medical services and treatment in the future.

---

1. Michael's petition also included a negligence claim against the neighbor who had entrusted him with the all-terrain vehicle.

Michael then made demand upon American Family, Ms. Toebben's homeowner's insurance company, claiming that his losses were covered under Ms. Toebben's policy. With regard to liability coverage, Ms. Toebben's homeowner's insurance policy provides that American Family will pay, "up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy." Under the "Exclusions" section, however, the policy excludes "intra-insured" suits, stating that American Family "will not cover bodily injury to any insured." The policy's definition of "insured" reads:

Insured means you and, if residents of your household:

(1) your relatives; and

(2) any other person under the age of 21 in your care or in the care of your resident relatives.

Following Michael's demand for payment under the policy, American Family filed a petition for declaratory judgment in which it sought a declaration from the court that the "intra-insured" exclusion applied to preclude coverage for Michael's alleged losses because Michael was a resident of Ms. Toebben's household at the time he suffered his alleged injuries. American Family and Michael each filed motions for summary judgment.

On July 27, 2000, the trial court granted American Family's motion. In its judgment, the trial court concluded that Michael was a resident of both Mr. Hoffman's and Ms. Toebben's households and, therefore, the intra-insured exclusion in Ms. Toebben's insurance policy with American Family precluded coverage for Michael's alleged injuries. Michael filed this appeal.

## Standard of Review

Appellate review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This court reviews the record in the light most favorable to the party against whom the judgment was entered, and "accord[s] the non-movant the benefit of all reasonable inferences from the record." *Id.* To demonstrate a right to summary judgment on its petition for declaratory judgment, American Family, as the claimant, must establish that there were no genuine issues upon which it would have had the burden of persuasion at trial, and that it was entitled to judgment as a matter of law. *Id.* at 381.

## Michael's Residency is a Disputed Issue of Fact Precluding Summary Judgment

In his first point, Michael claims that the trial court erroneously applied the law by concluding that he was a resident of both Mr. Hoffman's and Ms. Toebben's households at the time he sustained his injuries, and was thereby excluded from coverage under Ms. Toebben's policy. Specifically, he claims that there is a presumption that because Mr. Hoffman had primary physical custody of him, he was a resident of Mr. Hoffman's household only, and the uncontroverted evidence failed to overcome this presumption.

The question of whether a person is a resident of a particular household is one of fact. *Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726, 738 (Mo. banc 1979); *Pruitt v. Farmers Ins. Co., Inc.*, 950 S.W.2d 659, 665 (Mo.App.1997). Moreover, the definitions of the terms "resident" and "household" are themselves dependent upon the facts of each case. *Columbia Mut. Ins. Co. v. Neal*, 992 S.W.2d 204, 209–210 (Mo.App.1999).

As the Supreme Court stated in *Cobb,* 576 S.W.2d at 738, the term " '[h]ouse-hold' is a chameleon like word. The definition depends on the facts of each case.... It is difficult to deduce any general principles." In deciding that an illegitimate child was a member of her father's household for purposes of uninsured motorist coverage, the Court in *Cobb* examined the living arrangement under two theories. First, the Court considered "the length of time the parties intended to remain in the home and whether the arrangement [wa]s permanent or temporary." *Id.* Second, the Court looked at "the functional character of the arrangement or whether the parties function as a family unit under one management." *Id.*

In *Countryside Cas. Co. v. McCormick,* 722 S.W.2d 655, 657 (Mo.App.1987), the Southern District was confronted with the issue of whether, following a dissolution of marriage, a child was a resident of the non-custodial parent's home for purposes of insurance coverage. The court recognized that " '[t]he most significant factor in determining the residence of the child is a judicial determination awarding custody.' " *Id.* at 657 (quoting Widiss, Uninsured and Underinsured Motorist Insurance, Second Ed., Vol. 1, § 4.13.) Nevertheless, the court in *Countryside* applied the two standards articulated in *Cobb*—whether the arrangement was permanent or temporary, and whether the parties functioned as a family unit—to determine that the child was, in fact, a resident of the non-custodial parent's household. *Id.* at 658.

Specifically, the court found that the following factors, in the aggregate, justified finding that the child was a resident of her non-custodial parent's household: (1) the child was only five years old; (2) her divorced parents continued to live within 25 miles of each other, even though each kept a separate household; (3) the non-custodial parent had been awarded reasonable rights of visitation under the divorce decree and was current in his child support payments; (4) the child had lived with the non-custodial parent for a period of time; (5) the child and the non-custodial parent had a good relationship; (6) the child came very regularly to spend the night at the non-custodial parent's house, at every other week intervals; (7) the child had her own bedroom at the non-custodial parent's house; (8) the child kept permanent clothing or a separate wardrobe at the non-custodial parent's house; and (9) the child spent as much time or more at the non-custodial parent's home as she did in the custodial parent's home. *Id.*

The trial court in *Countryside* made its findings on these factors and its determination of the child's residency after a trial. In this case, the trial court made findings of fact on the factors listed in *Countryside* and determined Michael was a resident of both Mr. Hoffman's and Ms. Toebben's households upon a motion for summary judgment. To do so was error, however, as the affidavits and deposition testimony presented by the parties demonstrated that there were genuine issues of fact for trial on many of the factors listed in *Countryside.*

For example, on the *Countryside* factors regarding the length of time the child stayed in the non-custodial parent's home and the permanency of the arrangement, there was evidence that Michael spent every other weekend and two weeks in the summer with his mother, and that Ms. Toebben exercised her visitation rights on a regular basis. There was also evidence, however, that Ms. Toebben did not always exercise her two-week summer visitation, and when she did, it was not for the full two weeks. In fact, according to Mr. Hoffman, in the nine years between the disso-

lution and the date of the accident, Michael spent, at most, 62 days per year with Ms. Toebben, and at least 303 days per year with him. Moreover, the only time Michael spent weeknights at his mother's house was during the two-week summer visitation.

On the *Countryside* factors relating to whether Michael and Ms. Toebben functioned as a family unit, there was evidence that Ms. Toebben attended Michael's athletic and church events, and attended Michael's parent-teacher conferences. According to Mr. Hoffman and Michael, however, Ms. Toebben rarely, if ever, attended any of Michael's extra-curricular activities or parent-teacher conferences. Although Ms. Toebben testified in her deposition that Michael kept several of his personal belongings at her house, including clothes, toys, games, models, and a bicycle, there was also evidence that Michael took his clothes, toys, and other personal effects with him when he visited her, because the clothes Ms. Toebben kept at her house no longer fit him. There was also evidence that, while Michael at the time of the accident had his own bedroom at Ms. Toebben's house, he began sleeping in the family room when his bedroom at her house was converted into a computer room. Likewise, while American Family presented evidence that Michael could come and go at Ms. Toebben's house without knocking and Michael received mail at Ms. Toebben's house, Michael presented evidence that he did not have keys to Ms. Toebben's house, and the only mail he received at Ms. Toebben's house since the dissolution was a credit card application and cards from his mother's side of the family.

These factual disputes preclude the entry of summary judgment in this case. *Neal*, 992 S.W.2d at 211. "On a motion for summary judgment, neither the trial court nor this court is to determine issues of credibility." *Pruitt*, 950 S.W.2d at 665. Credibility issues should be resolved only after a complete trial. *Id.* Furthermore, to rule in favor of American Family on its motion for summary judgment, the trial court had to resolve these factual disputes to make the ultimate finding of fact in this case-that Michael was a resident of both Mr. Hoffman's and Ms. Toebben's households. " 'Disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment.' " *Id.* (quoting *Podlesak v. Wesley*, 849 S.W.2d 728, 732 (Mo.App.1993)). Therefore, the judgment of the trial court granting American Family's motion for summary judgment is reversed, and the cause is remanded to the trial court for further proceedings.

All concur.