Charles E. GUNTER, Jr., and Joy a. Gunter, Plaintiffs–Respondents,

v.

CITY OF ST. JAMES, Missouri, A Missouri municipal corporation, Appellant,

Charles Walls, Jimmy Wayne White, Margaret Roberts, Jesse Singleton, Stanley Johnston, Sam Auxier, Don Moore, and Rick Krawiecki, Defendants–Appellants.

No. 24866.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 20, 2002.

W.H. Thomas, Jr., Emily Woodward, Thomas, Birdsong & Mills, P.C., Rolla, for appellants.

J. Ken Robinson, Williams, Robinson, White & Rigler, P.C., Rolla, for respondents.

NANCY STEFFEN RAHMEYER, Chief Judge.

A seven-count petition was filed by Charles E. Gunter, Jr. and Joy A. Gunter ("Respondents") against the City of St. James, Missouri and its individual council members (collectively, "the City") for a judgment compelling the City to allow resubdivision of a residential lot ("Lot 33") within the city limits of St. James, Missouri and for damages. Count I petitioned for a preemptory writ of mandamus to force the City to approve the final resubdivision plat. Count II sought damages and costs on the grounds of equitable estoppel. Count III was for a judgment in equity commanding the City to allow Respondents to divide Lot 33 into a road and a residential lot. Count IV was a claim for inverse condemnation alleging that the City's denial of resubdivision was an unauthorized taking of Respondents' interest in Lot 33. Count V sought relief under Section 1983 of Title 42 of the United States Code for the permanent and substantial interference with Respondents' use and enjoyment of Lot 33 amounting to a taking of an interest in their property without compensation. Count VI prayed for an injunction ordering the City to approve the final resubdivision plat and enjoin the city from any acts which would obstruct Respondents' use of Lot 33 pursuant to the final resubdivision plat and for an award of attorney's fees. Count VII was a claim for a declaratory judgment requesting the court to declare that Respondents had complied with all relevant codes and statutes in order to legally resubdivide Lot 33 and that the City be compelled to approve the resubdivision.

On February 25, 2002, the trial court sustained Respondents' motion for partial summary judgment on Count I, the claim for a preemptory writ of mandamus, and Count VII, the claim for a declaratory judgment. The trial court stated "[t]his judgment is final for purposes of appeal," however, the court did not make the express determination that there was no just reason for delay as required by Rule 74.01(b)[1]. The City appeals from the partial summary judgment order.

■ This court entered an order on May 14, 2002 requiring the City to show cause why the appeal should be heard despite the lack of a designation that there was no just reason for delay and noted that the two counts disposed of in the partial summary judgment arose out of facts common to all the counts in Respondents' petition and "may be requests for certain remedies for a single claim made by the petition." The City filed a memorandum and a stipulation of the parties in response to this court's order that contends the partial summary judgment contains an implicit ruling in favor of Respondents on Counts III through VI but admitted that the issue of damages had not been decided by the court. The stipulation also alleged that a resolution of the partial summary judgment issues before this court "may be determinative" of the remaining claims for damages. The parties stipulated "[i]f the Court reverses the trial court's issuance of summary judgment in favor of Respondents and further finds that the trial judge should have granted summary judgment in favor of

[the City], then the claim for damages becomes moot."[2]

The City contends the legal theory and operative facts in Counts I and VII are separate from those in Counts III through VI and Respondent can claim recovery on Count II only if the partial summary judgment is affirmed. The City also claims this court would not be asked to determine the same issues twice because any subsequent appeal would only concern the amount of damages awarded by the trial court.

■ In all appeals, the appellate court is required to examine its jurisdiction sua sponte. *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). The purpose of the rule requiring a final judgment for an appellate court to obtain jurisdiction is to avoid piecemeal presentation of cases on appeal. *Boyd v. Director of Revenue*, 43 S.W.3d 901, 904 (Mo.App. S.D.2001). The parties may only appeal from a final judgment, which means the judgment must dispose of all claims and parties, leaving nothing for further determination. *Church of God in Christ v. Secured Housing, Inc.*, 39 S.W.3d 55, 57 (Mo.App. E.D.2001). "It is the content, substance, and effect of the order that determines finality and appealability." *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App. E.D.2000) (quoting *Erslon v. Cusumano*, 691 S.W.2d 310, 312 (Mo.App. E.D.1985).)

■ Here, in the very least, the parties admit that the issue of damages, attorney's fees, and costs of the suit remain undecided in several counts of Respon-

---

**1.** All rule references are to Supreme Court Rules (2002), unless otherwise indicated.

**2.** Appellants did not appeal the denial of its motion for summary judgment. Ordinarily, denial of a motion for summary judgment is an interlocutory order and is not a proper point on appeal, even if the denial is alleged

contemporaneously with the granting of summary judgment in favor of the other party. *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001); *Strain–Japan R–16 v. Landmark Systems, Inc.*, 51 S.W.3d 916, 919 (Mo.App. E.D. 2001).

dents' petition. Another hearing will be required to dispose of those issues. A judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for the purposes of appeal. *In re Trust of Bornefeld,* 36 S.W.3d 424, 426 (Mo.App. E.D.2001).

■ The City believes the remaining counts were "implicitly" ruled in favor of Respondents, however, all of the claims for alternative remedies have not been decided. A judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment for purposes of appeal. *Bush Const. Machinery, Inc. v. Kansas City Factory Outlets, L.L.C.,* 37 S.W.3d 852, 854 (Mo. App. W.D.2001)

We find there is no judgment that disposes of all claims directed to all parties, nor has there been an express determination that there is no just reason for delay.[3]

The appeal is dismissed.

PARRISH and SHRUM, JJ., concur.

---

**3.** In reaching this determination we do not overlook the cases cited by the City. We find that *Podlesak v. Wesley,* 849 S.W.2d 728 (Mo. App. S.D.1993) and *Carney Funeral Chapel, Inc. v. Savings of America, Inc.,* 978 S.W.2d 820 (Mo.App. S.D.1998) are not applicable to the facts of this case. In *Podlesak,* this court found that judgment in favor of the plaintiff on the summary judgment motion necessarily constituted a rejection of a counterclaim.

849 S.W.2d at 730. *Podlesak* is inapplicable to Respondents' assertion in this case that the resolution of the appeal "may be determinative of the remaining claim for damages." Likewise, in *Carney,* the affirmation of the judgment "effectively dispose[d] of the other claims." 978 S.W.2d at 829 n. 15. In this case, the claims for damages and attorney's fees remain whether the granting of summary judgment is affirmed or denied.