FIRMA, INC., Appellant,

v.

Wilbert W. TWILLMAN, et al., Respondent.

No. ED 82665.

Missouri Court of Appeals, Eastern District. Division Four.

Feb. 3, 2004.

Gregory K. Allsberry, Troy, for appellant.

Robert E. Jones, Clayton, John N. Borbonus, St. Louis, for respondent.

### Introduction

COHEN, J.

Firma, Inc. ("Firma") appeals from the judgment of the Circuit Court in an action to quiet title. Because we hold that the determination of the trial court is supported by substantial evidence and is not against the weight of the evidence, we affirm.

### Statement of the Facts and Proceedings Below

Firma asserted title to a property located in St. Charles County by way of a quitclaim deed recorded on April 18, 1997. Larry and Deborah Williams, Sheldon Grand, John and Mary Parks, Countrywide Home Loans and Frances Freeman ("Respondents") counterclaimed and also sought to quiet title on the same property. For the purpose of clarity, we set forth the Property's conveyance history, as found by the trial court, in chronological order below.

Twillman Construction Company ("Construction Company") conveyed Lot 3 of Wood Glen Estates to Willard and Sue Twillman ("the Twillmans") by General Warranty Deed dated March 14, 1985. The Twillmans conveyed a portion of Lot 3, called Lot 3.1, to William and Kathleen Gertken ("the Gertkens") by General Warranty Deed dated July 7, 1987. The portion of Lot 3 remaining after the conveyance of Lot 3.1 remained identified as Lot

3 in the records of the St. Charles County Collector of Revenue.

The Gertkens conveyed Lot 3.1 to the United Missouri Bank of St. Louis ("the Bank") by General Warranty Deed on April 24, 1991 and recorded the deed in the St. Charles County property records at Book 1369, Page 135. The Bank conveyed Lot 3.1 to John and Mary Parks ("the Parks") by General Warranty Deed on June 30, 1992 and recorded the deed in the St. Charles County property records at Book 1461, Page 330. The Parks remain the current owners of Lot 3.1.[1]

After Lot 3.1 was partitioned from Lot 3, a fifty-foot wide strip of property ("the Property") remained and continued to be owned by the Twillmans. In 1991 and 1992, the Twillmans allowed the property taxes to become delinquent on the Property. The Property is the subject of the underlying action to quiet title.

Around February 19, 1991, the Twillmans conveyed a Deed of Trust on the Property to the Bank to secure a loan.[2] The Bank foreclosed on the Deed of Trust and took title to the Property and some adjacent land under foreclosure by virtue of a Trustee's Deed dated September 28, 1993 and recorded in the St. Charles County property records at Book 1591, Page 1488. Thereafter, the Bank conveyed the Property to Larry and Deborah Williams ("the Williams") by General Warranty Deed dated September 28, 1993 and recorded in the St. Charles County property records at Book 1664, Page 1916. The Williams purchased the Property for use as a driveway to an adjacent parcel. The Bank conveyed the adjacent property to the Williams by General Warranty Deed dated April 28, 1994 and recorded in the St. Charles County property records at Book 1664, Page 1914.

The Williams granted a Deed of Trust to PNC Mortgage Corporation (PNC) secured by the Property and the adjacent parcel. This Deed of Trust named Sheldon Grand ("Grand") as Trustee, and is recorded in the St. Charles County property records at Book 1664, Page 1918.

In light of the delinquent taxes from 1991 and 1992, the St. Charles Collector of Revenue advertised the Property for delinquent taxes. A notice of tax sale was published in the Courier–Post in St. Charles County on July 19, July 26, and August 2, 1993. The publication described the property as:

> Item 1022, Twillman, Wilbert W. & Sue, Wood Glen Est PT Lot 3.1991–$73.08, 1992–$37.14. TOTAL TAX OWED FOR ACCT # 555660B004–$110.22. Being the same property as conveyed by deed filed in book 1026 and page 661 of the St. Charles County Recorders office.[3]

On August 23, 1993, William M. Hazelbaker ("Hazelbaker") and George K. Allsberry (Allsberry) purchased the Property for $110.22 at a public auction.

Despite the recorded Deed of Trust to PNC, and its Trustee, Grand, Hazelbaker and Allsberry executed a sworn affidavit to the St. Charles County Collector of Revenue stating that they had conducted a title search that revealed "no publicly recorded deed of trust, mortgage, lease, lien or

---

1. Property tax assessments on Lot 3.1 were paid in full at all times relevant to this action.

2. This Deed of Trust involved the Property as well as an adjacent piece of land unrelated to this matter.

3. Book 1026, Page 661 states: **All of Lot 3** of WOOD GLEN ESTATES, a Subdivision in St. Charles County, Missouri, as recorded in Plat Book 20 page 124 of the Recorder of St. Charles County, Missouri. Subject to building lines, easements, conditions, restrictions, if any, now of record. (emphasis added).

claim. . . ." The St. Charles County Collector of Revenue conveyed the Property to Hazelbaker and Allsberry on September 19, 1995 by issuing a Collector's Deed for taxes. The Collector's Deed described the Property as:

> Wood Glen Est., Pt. Lot 3, being the same property as conveyed by deed filed in Book 1026, Page 661 of the St. Charles County Recorder's Office. Account # 555660B004 Id. # 3–112–5276–00–0003 Per Assessor's Records as of date of Tax Sale.[4]

Hazelbaker and Allsberry conveyed the Property to Firma and Firma filed the underlying suit to quiet title. Respondents filed a counterclaim seeking, *inter alia*, to set aside the tax sale due to defects and to quiet title on the Property. The case was tried without a jury.

The court dismissed Firma's petition and rendered judgment in favor of the Respondents on their counterclaims concluding, *inter alia*, that the legal description in both the Collector's Deed and the published land delinquent list failed to describe the Property with reasonable certainty. The court found that Firma possessed no title to the Property because the tax sale was void and failed to convey any interest in the Property to Hazelbaker and Allsberry, the parties who later purported to convey the Property to Firma. Accordingly, the court concluded that the Williamses possess superior title to the Property by virtue of a General Warranty Deed recorded at Book 1664, Page 1916.

This appeal followed.

### Standard of Review

■ When reviewing a case tried to the court, without a jury, we must affirm the trial court's decision unless the judgment is not supported by substantial evidence, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

### Discussion

### I. Validity of the Collector's Deed

For its first point, Firma contends that the trial court erred in setting aside as void the Collector's Deed. Firma argues that the Collector's Deed described the Property with reasonable certainty and that one reasonably skilled in determining land locations could locate the property by referring to the Assessor's records.

■ Pursuant to § 140.530 RSMo 2000,[5] "no sale or conveyance of land for taxes shall be valid if . . . the description is so imperfect as to fail to describe the land or lot with reasonable certainty. . . ." In other words, failure to describe the property with reasonable certainty can invalidate the conveyance. *McCready v. Southard*, 671 S.W.2d 385, 389 (Mo.App. S.D. 1984). The description is sufficient if one reasonably skilled in determining land locations can locate it. *Wayward, Inc. v. Shafer*, 936 S.W.2d 843, 845 (Mo.App. E.D. 1996). A deed may refer to extrinsic evidence to assist in identification of the land conveyed, "such as maps, plats, surveys and assessor's plans. . . ." *Podlesak v. Wesley*, 849 S.W.2d 728, 732 (Mo.App. S.D. 1993).

Here, the Collector's Deed describes the Property as:

> Wood Glen Est., Pt. Lot 3, being the same property as conveyed by deed filed in Book 1026, Page 661 of the St. Charles County Recorder's Office. Ac-

---

4. See *supra* note 3.

5. All further statutory references are to RSMo 2000 unless otherwise noted.

count # 555660B004 Id. # 3–112–5276–00–0003 Per Assessor's Records as of date of Tax Sale.

On its face the Collector's Deed does not describe the Property with reasonable certainty because it is unclear what portion of Lot 3 of Wood Glen Estates is being conveyed. *See Ijames v. T.G. Geiler,* 783 S.W.2d 934, 937 (Mo.App. E.D.1989); *Moise v. Robinson,* 533 S.W.2d 234, 241 (Mo.App.1975).

■ Although, references to Book 1026, Page 661 as well as Account and Identification numbers recorded in the Assessor's Records in the Property description constitute admissible extrinsic evidence which may help to describe the property with reasonable certainty, the deed can still be considered void if the intentions of the instrument are still a matter of conjecture. *Podlesak,* 849 S.W.2d at 732.

■ In this case, review of the extrinsic evidence included in the description causes confusion in the identification of the Property. While the description in the Collector's Deed outlines a conveyance of a part of Lot 3 in Wood Glen Estates (denoted Pt. Lot 3 in the description), Book 1026, Page 661 as referenced by the Collector's Deed, states:

> **All of Lot 3** of WOOD GLEN ESTATES, a Subdivision in St. Charles County, Missouri, as recorded in Plat Book 20 page 124 of the Recorder of St. Charles County, Missouri. Subject to building lines, easements, conditions, restrictions, if any, now of record. (emphasis added)

Thus, relying on this extrinsic evidence does not assist in identifying the Property with reasonable certainty. To the contrary, the Collector's Deed and Book 1026 are inherently inconsistent.

As further extrinsic evidence, the Collector's Deed description refers to an Account and Identification number in the Assessor's Records on the date of the tax sale. The Assessor's records on this date reference part, as opposed to all, of Lot 3. While this supports the description in the Collector's Deed, this information conflicts with the other extrinsic evidence referenced in the same Collector's Deed thereby leaving identification of the exact property uncertain.

■ Firma's reliance on *Podlesak* and *Wayward* in support of its argument regarding the sufficiency of the legal description is misplaced. While *Podlesak* involved a Collector's Deed containing references to land parcel identification numbers used by the Camden County Assessor's office, the Southern District merely denied summary judgment and carefully stated "we do not, by this opinion, suggest that the description in issue is sufficient to describe the property with 'reasonable certainty.'" *Podlesak,* 849 S.W.2d at 733. In *Wayward,* this Court stated that a deed containing a tax locator number may be sufficiently definite that one reasonably skilled in determining land locations can locate it, in the absence of evidence to the contrary. *Wayward,* 936 S.W.2d at 845.

Although we agree that tax locator numbers and parcel identification numbers contained in Assessor's Records may be considered, we are not persuaded that here, the referenced extrinsic evidence renders the property description reasonably certain. Accordingly, the trial court's conclusion that the legal description in the Collector's Deed failed to describe the Property with reasonable certainty and, therefore, that the tax sale was void and failed to convey any interest in the Property to Hazelbaker and Allsberry is supported by substantial evidence and not against the weight of the evidence. Firma's first point is denied.

Given our disposition of Point I, Firma's claims of error in Points II, III, IV and V are now moot, and we need not address them.

### Conclusion

The judgment of the trial court is affirmed.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., Concur.