Jack KERSHNER and George Lillard, d/b/a Sunshine Express, Plaintiffs-Respondents,

v.

HILT TRUCK LINE, INC., Defendant-Appellant.

No. 12481.

Missouri Court of Appeals, Southern District, Division One.

Aug. 2, 1982.

---

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for plaintiffs-respondents.

Michael O. Johanns, Peterson, Bowman & Johanns, Lincoln, Neb., Rodney E. Loomer, Springfield, Neb., for defendant-appellant.

TITUS, Judge.

Plaintiffs Jack Kershner and George Lillard d/b/a Sunshine Express (hereinafter Sunshine) sued defendant Hilt Truck Line, Inc. (hereinafter Hilt). Sunshine alleged it had contracted with Hilt to haul a load of commodities from Pennsylvania to California via a Sunshine-owned tractor-trailer unit driven by Sunshine's employee Harold Johnson. Sunshine averred the contract had been fully performed but Hilt had refused to pay the agreed price for the performance. Following trial a judgment for Sunshine was rendered in the principal sum of $1,375 plus $125.79 interest and costs by the Circuit Court of Greene County, Missouri, Associate Division II. Hilt appealed.

Hilt owned no trucks and employed no drivers but had Interstate Commerce Commission (ICC) approval to direct freight into interstate commerce. To do so, Hilt utilized its ICC permit to hire trucks from truck owners driven by their drivers via trip leases on a trip by trip basis. From time to time, Hilt used the services of Jerry Dennis Trucking Service, Inc. (hereinafter Dennis) which was engaged in the trucking brokerage business in Springfield, Missouri. Dennis owned no tractors, trailers or other hauling equipment and was not in the business of hauling freight for hire or otherwise. As self-described by Dennis' "owner", it "broker[ed] in trucks. We find loads for trucks or find trucks for people who have loads." In other words, Dennis, for a fee, sought to effect the business state of conjugality betwixt shippers and physical carriers of freight.

The particular haul in question was predicated upon a printed "Lease Agreement for Motor Vehicle" form which was furnished by Hilt with the blanks therein unilaterally filled in by Hilt's agent. Hilt's full name was printed on the form as "Carrier." Typed on the form as "Contractor" was "Sunshine Express/Jerry Dennis Trucking/Springfield, Mo." The name of "Harold Johnson," Sunshine's employee-driver, was typed on the form as "Driver No. 1" and his written signature also appears in the signature space for "Driver No. 1."

The space for the signature of "Agent of Carrier" was signed "Roberta J. Hamilton" and the entire agreement, executed by the "duly authorized agents" of "the parties" was signed "Harold Johnson (Contractor)" and "Roberta J. Hamilton (Carrier)." Although, as previously noted, Dennis was engaged in the truck brokerage business and owned no freight hauling equipment or vehicles, "Roberta J. Hamilton," Hilt's agent, signed the "Receipt for Possession of Motor Vehicle Equipment" section appearing on the form, indicating Hilt had received from "Jerry Dennis Trucking" the equipment described in the agreement which was solely owned and possessed by Sunshine. Additionally, it was never shown nor claimed by Hilt or any involved party that Harold Johnson, Sunshine's employee-driver, was ever authorized to or purported to be acting for or on behalf of Dennis in signing the agreement or otherwise. Also of interest is the fact that although Hilt claimed it paid Dennis an $800 advance on the lease agreement for trip expenses, Hilt's own record showed the advance money was actually delivered to Sunshine's employee Harold Johnson.

■ From what has just been observed anent the printed lease agreement, furnished and completed by Hilt, and the attending evidence thereto, we must agree with the trial court's conclusion that Dennis was not an actual party to the contract. We are unable to come by a firm belief that the judgment nisi is wrong or that there was no substantial evidence to support it or that the judgment is against the weight of the evidence or erroneously declares or applies the law. The judgment is presumed to be correct and the burden of proving it otherwise rests with Hilt, which burden it has not sustained. Insofar as the evidence is conflicting, we accord deference not only to the trial court's finding depending on credibility but also to that court's conclusions. Moreover, regardless of the theory on which the judgment below rested, it must be affirmed if, on the law and the evidence, it properly could be reached on any reasonable theory. *Snadon v. Gayer*, 566 S.W.2d 483, 491–492[5] [6, 7] (Mo.App.

1978). Reasons for our conclusions are sufficiently explained by the recasting of the facts, supra, and a repetition thereof would serve no purpose save to make this opinion unnecessarily prolix.

Sunshine's Exhibit 2, dated before the trial herein, is entitled "Confirmation of Assignment" and was signed by Dennis and Sunshine. The exhibit recites that on a date before suit was filed Dennis had orally assigned to Sunshine all of its rights, claims, demands, actions and causes of action which Dennis might have under the above-described "Lease Agreement for Motor Vehicle." As its title attests, Exhibit 2 simply confirmed in writing the prior oral assignment. At trial and upon appeal Hilt's objection to the exhibit is bottomed on its assertion that as Sunshine did not allege the assignment in its petition, it was improper for the trial court to receive the exhibit into evidence.

■ "No formal pleadings" are necessary in associate circuit courts (formerly magistrate and justice of the peace courts). § 517.050, V.A.M.S. The just cited statute requires that plaintiff file a pleading, but does not require the pleading to adhere to any particular form except in certain special cases not involved here. If plaintiff's pleading in an associate circuit court is sufficient to advise the defendant of the nature of the action and suffices to bar another action thereon by plaintiff, it is sufficient. *Baird v. Ellsworth Realty Co.*, 265 S.W.2d 770, 771[1] (Mo.App.1954); Practice in Missouri Magistrate Courts—Civil, Paul Taub, § 6:1, at p. 168. If plaintiff, in whole or in part, sues on an account accruing to another in his own right, proof, but not pleading, of an assignment of the account will permit recovery in an associate circuit court. *Sonnenfeld Millinery Co. v. Uhri*, 83 S.W.2d 168, 169 (Mo.App.1935). Also see, Civil Practice Before Associate Circuit Judges Since the Court Reform by Robert S. Cohen, Vol. 37, No. 4, Journal of the Missouri Bar, p. 217 at 220. The general rule is that an absolute assignment from Dennis of all its rights and interests in the

agreement, as we have here, works as a divestiture of all rights and interests of the assignor and vests them in Sunshine, the assignee. *C & M Developers, Inc. v. Berbiglia, Inc.*, 585 S.W.2d 176, 181[1] (Mo.App. 1979); *Jacobs v. Fodde*, 458 S.W.2d 588, 592[3] (Mo.App.1970). The assignment is effective when made and a valid oral assignment is not postponed because of a later formal written assignment. 6A C.J.S. Assignments § 73, at p. 712.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.