**John A. PAYNE, Plaintiff–Appellant,**

v.

**The CITY OF OSAGE BEACH, Missouri, a Municipal Corporation, et al., Defendants–Respondents.**

**No. 25508.**

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2004.

Richard D. Crites, Law Firm of Richard D. Crites & Associates, Springfield, for Appellant.

Michael G. Berry, Cari D. Collins, Jefferson City, and Clarence Hawk, Osage Beach, for Respondents.

PHILLIP R. GARRISON, Judge.

This is an appeal from a summary judgment entered in favor of the City of Osage Beach, Missouri ("the City"), and against John A. Payne ("Plaintiff").[1] The dispute primarily revolves around whether or not Plaintiff, who was a police officer with the City, resigned or quit that position, or if he was improperly terminated.

Plaintiff alleged in his second amended petition that on November 12, 1999 he was ill and attempted unsuccessfully to contact a supervisor in order to notify that person that he was ill and would not be able to work on that date. He alleged that he then contacted Ken Hammer ("Hammer"), the City Administrator, and because of emotional distress and his inability to contact a supervisor concerning his illness, he told Hammer that he was going to resign. According to Plaintiff's allegations, Hammer attempted to talk him out of resigning, and told him that if he was going to resign he would have to do so in writing, and that Hammer did not accept Plaintiff's statements as a resignation. He also alleged that he had no intent to resign and did not resign his employment. He further alleged that, four days later, on November 16, 1999, having "cooled down," he wrote a letter to Calvino, McCart, and the City that included an excuse from his doctor, and stated that as of that date he was still holding his position as corporal and, because of medical reasons, would be on two-weeks medical leave. Plaintiff alleged, however, that he was not allowed to return to his job as a police officer, was ordered to turn in all his city-owned equipment, and was told that his final paycheck was available for him to pick up. He alleged that as a result of the City's failure to allow him to return to his employment after the two-week sick leave, he was damaged in that he lost income, insurance benefits, vacation leave, sick leave and rank and seniority with the police department. He sought a judgment reinstating his employment to the date of the last payment to him, ordering that his seniority date back to his original hiring date, awarding him a judgment for the income he would have earned, and restoring his sick leave, vacation pay, and rank.

The City's answer alleged that Plaintiff resigned his employment by his oral statements to Hammer on November 12, 1999, that he was not involuntarily terminated, and that the City elected against reinstating him after his resignation. The City subsequently filed the motion for summary judgment that led to the trial court's judgment from which Plaintiff appeals.

The standard of review for an appeal from a summary judgment is described in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). We are to review the record in the light most favorable to the party against whom the judgment was entered. *Id.* at 376. Facts set

---

1. Plaintiff's petition also named as defendants O.J. McCart ("McCart"), the City's police chief, and Richard Calvino ("Calvino"), a lieutenant in the police department. Summary judgments were also entered in favor of McCart and Calvino, but there is no issue on this appeal concerning the propriety of those rulings.

forth in affidavits or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the motion. *Id.* The non-movant is accorded all reasonable inferences from the record. *Id.* Our review is essentially *de novo,* and the criteria for determining the propriety of a summary judgment on appeal are no different from those that the trial court should employ in deciding to sustain the motion. *Id.* The propriety of a summary judgment is purely an issue of law, and since the trial court's judgment is founded on the record submitted and the law, we do not defer to the trial court's order granting the judgment. *Id.*

 The key to entitlement to a summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *Id.* at 380. Where the moving party is a defending party who will not bear the burden of persuasion at trial, that party need not controvert *each* element of the non-movant's claim in order to establish a right to summary judgment. *Id.* at 381. Rather, the defending party may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* Each of these three means establishes a right to a judgment as a matter of law. *Id.*

When the movant has made a prima facie showing required by Rule 74.04(c),[2]

Rule 74.04(e) places the burden on the non-movant, who may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. *Id.* If the non-movant cannot contradict the showing of the movant, judgment is properly entered against the non-movant because the movant has already established a right to judgment as a matter of law. *Id.* at 381.

 Plaintiff contends that the summary judgment was erroneously entered because under Missouri law a police officer of a fourth class city will continue to hold that employment until terminated by the mayor and aldermen of the City, or until the employee effectively resigns his employment. Plaintiff contends that he was not terminated by the mayor and board of aldermen, and there was a genuine issue of material fact concerning whether he "actually or effectively" resigned his employment with the City.

In its motion for summary judgment, the City alleged, *inter alia,* that Plaintiff called Hammer on November 12, 1999, informing him that he was quitting his job with the City. The City supported that allegation with portions of a sworn statement given by Hammer, as well as Hammer's deposition, wherein he stated that Plaintiff said he was resigning when he called, and Hammer, after trying to dissuade him, told him that to quit in good standing, he needed to bring in a letter of resignation. The City also supported the allegation with Plaintiff's claim, in his second amended petition, that he told Hammer he was going to resign, and with the sworn statements and deposition of Karen Girdley ("Girdley"), another City employ-

**2.** All references to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

ee, who stated that she also talked with Plaintiff and he told her he was quitting, and that Plaintiff also delivered to her his city-owned property.

Plaintiff responded with his own affidavit, in which he described his frustration at not being able to contact a superior on November 12, 1999 and stated that he called Hammer on that date, telling him that he was ill and needed time off; that Hammer informed him that he did not have the authority to approve him for sick leave; that Plaintiff told Hammer he would quit if he had to, and later that he "guessed [he] was going to have to quit or resign because [he] could not work"; that Hammer told Plaintiff to think about whether he should quit or not, and told him that if he was going to quit he would have to put it in writing in a letter of resignation; that the requirement of a letter of resignation was consistent with what his superiors in the police department told him about other employees prior to that date; and that he denied telling Girdley that he was quitting his employment. Plaintiff also responded by presenting deposition testimony of Hammer, in which he recounted the telephone conversation with Plaintiff, but in which he also said that he told Plaintiff he "would have to bring in a letter of resignation"; that he never accepted Plaintiff's resignation because he never brought in a letter resigning from his employment; and that he disagreed with McCart when he told Hammer that Plaintiff had quit because Plaintiff had not provided a letter of resignation. Plaintiff also responded in his affidavit that although he did discuss with Girdley how much he would receive if he resigned, he never told her he was quitting.

The issue of the propriety of the summary judgment here, as delineated by the parties, is decided by determining whether there is a genuine issue of fact concerning whether Plaintiff quit or resigned his employment during his conversations with Hammer and Girdley. According to the deposition testimony and sworn statements proffered by the City in support of the motion for summary judgment, Plaintiff did quit or resign. Plaintiff, however, countered with his affidavit and portions of Hammer's deposition clearly stating that he did not intend to, and did not, in fact, quit, as well as Hammer's testimony that he did not believe that Plaintiff had quit. Thus, Plaintiff has responded to the motion for summary judgment in the manner contemplated by Rule 74.04(c)(2).

■ The motion for summary judgment, with the materials in support, and the materials offered in response contain specific facts that are diametrically opposed to each other. Neither the trial court nor this court is authorized to determine the credibility of statements or testimony made under oath offered in support of or in response to a motion for summary judgment. *Podlesak v. Wesley*, 849 S.W.2d 728, 732 (Mo.App. S.D.1993). This is in keeping with the concept that disputes over facts that might affect the outcome of a suit under governing law preclude the entry of summary judgment. *Id.* The determination of such contradictory facts is for the fact finder at a complete trial. *Id.*

Because the motion and the response thereto demonstrate that there are genuine issues of material fact, the City did not demonstrate that it was entitled to a judgment as a matter of law. Accordingly, the summary judgment entered by the trial court must be, and is hereby, reversed and the case remanded for further proceedings.

BARNEY, P.J., and PREWITT, J., concur.