**MIDWESTERN HEALTH MANAGEMENT, INC.,**
Respondent,

v.

**Jeffrey WALKER and Mary Walker, Appellant.**

**No. WD 66373.**

Missouri Court of Appeals,
Western District.

Dec. 12, 2006.

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

George S. Miller, Maryville, MO, for appellants.

David R. Schmitt, St. Joseph, MO, for respondent.

Before JOSEPH M. ELLIS, P.J., ROBERT G. ULRICH, and RONALD R. HOLLIGER, JJ.

ROBERT G. ULRICH, Judge.

Jeffrey and Mary Beth Walker appeal the summary judgment entered in favor of Midwestern Health Management, Inc. (Midwestern) in its action on an open account. They contend that the trial court erred in failing to strike an affidavit submitted by Midwestern arguing it was not based on personal knowledge and contained legal conclusions and hearsay. The Walkers also contend that the trial court erred in granting summary judgment in favor of Midwestern because Midwestern failed to prove that the Walkers requested the services provided, that the charges were reasonable, or that it was the assignee for collection of the accounts. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

## Facts

Midwestern filed a petition on open account against the Walkers in associate circuit court seeking to collect unpaid accounts due for medical services provided

the Walkers' children by Heartland Regional Medical Center and Lakeside Pediatrics. In the petition, Midwestern alleged that it was the assignee of the accounts in accordance with section 425.300, RSMo 2000.[1] In their answer, the Walkers generally denied Midwestern's allegations and specifically asserted that Midwestern was not the real party in interest for maintaining the cause of action. The associate circuit court entered judgment in favor of Midwestern. The Walkers filed a timely application for trial de novo in the circuit court.

In the circuit court, Midwestern filed a motion for summary judgment with supporting affidavits. The Walkers opposed the motion and filed a motion to strike one of the affidavits submitted by Midwestern to demonstrate the reasonableness of the charges. The trial court granted summary judgment in favor of Midwestern. This appeal by the Walkers followed.

### Standard of Review

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true

unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

### Discussion

To be entitled to summary judgment under Rule 74.04 as a claimant, the movant must establish that (1) it is entitled to judgment as a matter of law and (2) there is no genuine dispute as to the material facts upon which it would have the burden of persuasion at trial. *Id.* at 380–81. Once the movant has made this prima facie showing as required by Rule 74.04, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* at 381. The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

 In this case, to make a prima facie case for summary judgment on its action on open account, Midwestern was required to plead in its summary judgment motion all of the facts necessary to establish each and every element of its claim, referencing the pleadings, discovery or affidavits. *Id.* at 380. An action on account is an action based in contract. *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 133 (Mo.App. E.D.2005); *St. Luke's Episcopal–Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496, 498 (Mo.App. E.D.1997). The requisite elements of an action on open account are (1) the defendant re-

---

1. Section 425.300, RSMo 2000, provides:

 Collection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and bringing suit in their own and the claimant's names thereon, provided that no suit authorized by this section may be institut-

 ed on behalf of a collection agency in any court unless the collection agency appears by a duly authorized and licensed attorney at law. Upon good cause being shown, a court may sever any actions brought under this section.

quested the plaintiff to furnish goods or services, (2) the plaintiff accepted the defendant's offer by furnishing the goods or services, and (3) the charges were reasonable. *Id.* Additionally, where a plaintiff sues on an account accruing to another in his own right, proof of an assignment of the account is essential to recovery. *Korte Constr. Co. v. Deaconess Manor Ass'n,* 927 S.W.2d 395, 404 (Mo.App. E.D.1996); *Kershner v. Hilt Truck Line, Inc.,* 637 S.W.2d 769, 771 (Mo.App. S.D.1982); *Sonnenfeld Millinery Co. v. Uhri,* 83 S.W.2d 168, 169 (Mo.App.1935). *See also C & W Asset Acquisition, LLC v. Somogyi,* 136 S.W.3d 134, 140 (Mo.App. S.D.2004)(where petition of assignee of credit card company against cardholder to collect balance due on account was dismissed because records introduced by assignee did not establish that assignee purchased cardholder's account and had right to enforce the credit agreement).

■ Because point three is dispositive, points one and two are not addressed. In point three, the Walkers claim that the trial court erred in granting summary judgment in favor of Midwestern because it failed to prove that Heartland Regional Medical Center and Lakeside Pediatrics assigned their claims to it and, thus, that Midwestern was the real party in interest. Midwestern responds that the Walkers waived the issue of its capacity to sue because they did not raise it as a specific negative averment as required by Rule 55.13 or in a motion or responsive pleading as required by Rule 55.27(g)(1). Rule 55.13 provides that when a defendant desires to raise an issue as to the legal existence of a party, or the capacity of a party to sue, the defendant "shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Rule 55.27(g)(1) provides that the defense

that the plaintiff does not have legal capacity to sue is waived if it is neither made in a motion nor included in a responsive pleading. Midwestern, however, confuses the issue of capacity to sue, which is waived unless timely asserted, with standing to sue. Capacity to sue refers to a party's right to avail itself access to the courts because it is without any general disability. *Gardner v. Blahnik,* 832 S.W.2d 919, 923 (Mo.App. W.D.1992), *overruled on other grounds by KMS, Inc. v. Wilson,* 857 S.W.2d 525, 529 (Mo.App. W.D.1993). Standing to sue, on the other hand, exists when a party has an interest in the subject matter of the suit that gives it a right to recovery, if validated. *Id.* The issue of standing cannot be waived. *Id.*

■ In its petition, Midwestern alleged that it was the assignee of the accounts. In their answer, the Walkers generally denied Midwestern's allegations and specifically asserted that Midwestern was not the real party in interest for maintaining the cause of action. The purpose of pleadings is to present, define, and isolate the controverted issues to advise the trial court and the parties of the issues to be tried. *Mills v. Mills,* 939 S.W.2d 72, 74 (Mo.App. W.D.1997). The pleadings of this case identified the assignment, and thus Midwestern's standing, as a contested issue. Furthermore, as stated above, proof of an assignment of the account is essential to a recovery in an action on an account accruing to another in his own right. *Korte,* 927 S.W.2d at 404; *Kershner,* 637 S.W.2d at 771; *Sonnenfeld,* 83 S.W.2d at 169. Thus, the assignment of the accounts from Heartland Regional Medical Center and Lakeside Pediatrics to Midwestern was an essential element of Midwestern's action on an open account and necessary to establish its standing to sue.

■ In paragraph one of the statement of uncontroverted facts, a part of the motion for summary judgment, Midwestern alleged, "Plaintiff's assignees [sic] Heartland Regional Medical Center (Hereinafter 'Heartland') and Lakeside Pediatrics (Hereinafter 'Lakeside') provided medical care to the Defendant's minor children," and referenced an affidavit and the Walkers' response to requests for admissions as support. In their response to Midwestern's statement of facts, the Walkers stated that they did "not have sufficient information to admit or deny the status of plaintiff." Neither the affidavit nor the response to requests for admissions referenced in paragraph one of Midwestern's statement of facts supported Midwestern's allegation that it was the assignee of the accounts. Midwestern presented no evidence of such assignment. Midwestern failed to establish that it was the assignee of the accounts and, therefore, failed to make a prima facie case for summary judgment on its action on open account.

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

ELLIS, P.J. and HOLLIGER, J. concur.