**Gregory LINDSEY and Rhonda Lindsey, Appellants,**

v.

**CHILLICOTHE LIVESTOCK MARKET, INC., Respondent.**

**No. WD 67307.**

Missouri Court of Appeals, Western District.

June 12, 2007.

---

Brian J. Klopfenstein, Kearney, for appellant.

Ernest H. Van Hooser, Raymore, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, PAUL M. SPINDEN, Judge, and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Gregory and Rhonda Lindsey appeal from a summary judgment entered in the Circuit Court of Livingston County in a negligence action filed by the Lindseys against the Chillicothe Livestock Market, Inc. (the Livestock Market).

On August 22, 1999, at approximately 9:30 p.m., the Lindseys were traveling on Highway 36 east of Mitchell Road in their Toyota Rav4 when they collided with a black calf that had wandered onto the highway. Mr. Lindsey was driving, and Mrs. Lindsey was in the passenger seat. Mrs. Lindsey was injured and the calf was killed as a result of that collision.

On December 15, 1999, the Lindseys filed a petition against the Livestock Market alleging that it had negligently failed to keep the calf penned up and failed to attempt to capture the calf after it escaped. Subsequently, on May 18, 2006, the Livestock Market filed a motion for summary judgment averring that, after an adequate period of discovery, the Lindseys had been unable to produce, and would not be able to produce, sufficient evidence to establish that the cow at issue was owned by or ever in the possession of the Livestock Market. After the Lindseys filed their response, the trial court granted the Livestock Market's motion for summary judgment, citing an absence of evidence to establish that the Livestock Market owned or had control over the calf.

In their sole point on appeal, the Lindseys contend that the trial court erred in granting summary judgment in favor of the Livestock Market because there was a genuine dispute of material fact as to whether the calf involved in the accident was owned or possessed by the Livestock Market. They contend that evidence of admissions made by Dan Dedrick, one of the owners of the Livestock Market, to the police dispatcher on the night of the accident would support a finding that the Livestock Market had indeed been in possession of the calf.

"The criteria on appeal for testing the propriety of summary judgment are no different from those which should be em-

ployed by the trial court to determine the propriety of sustaining the motion initially." *Allen v. Midwest Inst. of Body Work & Somatic Therapy, L.L.C.*, 197 S.W.3d 615, 619 (Mo.App. W.D.2006) (internal quotation omitted). "Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law." *Id.*

"The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." *Lewis v. Biegel*, 204 S.W.3d 354, 356 (Mo.App. W.D.2006) (internal quotation omitted). "A 'material fact' is a fact of such significance or probative value as to control or determine the outcome of the litigation." *Id.* "'If the record contains competent evidence that two plausible, but contradictory accounts of essential facts exist, then a genuine issue of material fact remains to be resolved, because fair minded people, exercising reasonable judgment could reach different conclusions on the issue in controversy.'" *Id.* (quoting *Larison v. Public Water Supply Dist. # 1*, 998 S.W.2d 192, 196 (Mo.App. W.D.1999)).

"Appellate review of the grant of summary judgment is *de novo.*" *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 297 (Mo.App. W.D.2006). "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Lewis*, 204 S.W.3d at 356 (internal quotation omitted). However, "[f]acts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contra-

dicted by the non-moving party's response to the summary judgment motion." *Walker*, 208 S.W.3d at 297. "Summary judgment is appropriate only when the record demonstrates that there are no genuine disputes regarding material facts and that the moving party is entitled to judgment as a matter of law." *Lewis*, 204 S.W.3d at 356 (internal quotation omitted).

In its motion for summary judgment, the Livestock Market asserted that the calf involved in the accident was never in the possession of the Livestock Market and that the Lindseys could not prove otherwise. The Livestock Market relied upon the deposition testimony of Dedrick that all of the cows possessed by the Livestock Market were accounted for and penned up at the time of the Lindsey's accident. The Livestock Market also relied upon testimony by Dedrick that, while a calf had gotten loose that Saturday, it had been recovered Saturday evening, the day before the accident, and was subsequently purchased by Dedrick and taken to his wife's farm on Monday morning.[1] The Livestock Market further noted that the police had misplaced the pictures of the accident scene and the dead calf, along with the ear-tags from the calf, and opined that the identity of the calf's owner could, therefore, never be determined.

While the Livestock Market certainly produced a good deal of evidence that the calf was not one of the cows that had been in their possession prior to the accident, the Lindseys produced sufficient evidence to give rise to a genuine dispute on that issue. Police reports from the night in question reflect that officers responded to a report of a black cow on Mitchell Road, a quarter mile from Highway 36, shortly before dark. The calf ran away from the

---

1. Dedrick testified that the Livestock Exchange does not ordinarily keep track of the times when cattle escape, but he remembered finding the calf at issue in the parking lot and his records reflect the calf being sold to him and taken to his wife's farm.

officers that responded into some brush, heading east toward Highway 36. One of those officers, Captain Roy Ackerson, had the dispatcher call Dedrick because the Livestock Market was nearby and had a history of cattle getting loose. The police reports reflect that Dedrick told the dispatcher that the calf sounded like a cow that had escaped from the Livestock Market the previous night, that he was not going to send anyone out to recover it, and to "put down" the calf if it caused any problems.

The police reports and Captain Ackerson's testimony reflect that the Lindseys' accident occurred about an hour after the incident with the calf on Mitchell Road. Captain Ackerson testified that the calf involved in the accident appeared to be the same calf he had seen an hour before on Mitchell Road. In the spot on the accident report labeled "Damage to Property Other Than Vehicles—Give Name, Ownership, Nature of Damage, and Description," Patrolman Little wrote, "Black Heifer with blue ear tags, Chillicothe Sale Barn, Decease." Patrolman Little's narrative states, "It was discovered that the calf was believe [sic] to have come from the Chillicothe Sale Barn."[2] Captain Ackerson testified that the "sale barn" is the same thing as the "Chillicothe Livestock and Sale Barn," which is the business operated by the Livestock Exchange.

Based upon the accident report and Captain Ackerson's testimony, a trier of fact could determine that the calf involved in the accident had been under the control of the Livestock Market. While Dedrick's testimony refutes such a finding, it is up to the jury to determine whether that testimony was credible and the weight to be assigned thereto. *First Financial Ins. Co. v. Golliday,* 91 S.W.3d 679, 683 (Mo.App. E.D.2002). " '[D]isputes over facts that might affect the outcome of a suit under governing law preclude the entry of summary judgment. The determination of such contradictory facts is for the fact finder at a complete trial.' " *Lewis,* 204 S.W.3d at 356 (quoting *Payne v. City of Osage Beach,* 132 S.W.3d 314, 317 (Mo. App. S.D.2004)).

Accordingly, the trial court erred in granting summary judgment in favor of the Livestock Exchange because there is a genuine issue of material fact as to whether the Livestock Exchange had control over the calf involved in the accident. Point granted.

The cause is reversed and remanded for further proceedings.

All concur.

---

**2.** Patrolman Little was not deposed by either party.