Tammy ROSS and Jeremy Ross, Plaintiffs–Appellants,

v.

Herman PRESLEY and Greene County, MISSOURI, Defendants–Respondents,

and

Amanda Williams, Defendant.

No. SD 31472.

Missouri Court of Appeals, Southern District, Division One.

Feb. 24, 2012.

James E. Corbett, David T. Tunnell, Matthew W. Corbett, Daniel P. Molloy, Nancy J. Fisher, Springfield, for Appellants.

Patricia Keck, Jason Coatney, Springfield, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

The litigation in this case concerns collisions involving at least three vehicles, which occurred on Highway 65 in Greene County, Missouri. Tammy Ross ("Ross") claims she was injured as a result of the actions of Herman Presley ("Presley"). Presley's vehicle did not make direct contact with Ross's vehicle. The trial court granted summary judgment to Presley. We reverse and remand to the trial court for further proceedings.

Appellate review of a grant of summary judgment is essentially *de novo.* *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party demonstrates, on the basis of facts as to which there is no genuine issue, a right to judgment as a matter of law. *Id.* In *ITT Commercial,* the Supreme Court discussed a "genuine issue":

> For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous.

Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

*Id.* at 382. When reviewing an appeal from an entry of summary judgment, this Court reviews the record and all reasonable inferences therefrom, in the light most favorable to the non-moving party. *Id.* at 376.

Rule 74.04(c)(1–2) [1] states, in pertinent part:

> A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts
>
> . . . .
>
> Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties. The response shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements.

Under Rule 74.04(c)(6), "[i]f the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the court shall enter summary judgment forthwith." As such, the moving party must first make a prima facie showing that there are no genuine issues of material fact, only then will the court make a determination of whether the movant is entitled to judgment as a matter of law.

1. All rule references are to Missouri Court Rules (2011), unless otherwise specified.

*Pyle v. Layton,* 189 S.W.3d 679, 682 (Mo. App. S.D.2006). Here, Presley is the moving party. Therefore, if there are no genuine issues of material fact, Presley has established a right to summary judgment if any one of the following can be found:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Commercial,* 854 S.W.2d at 381. If the facts underlying the judgment are found to be undisputed, summary judgment is proper. *Id.*

Presley proffered in his Statement of Undisputed Material Facts, forty-seven paragraphs of facts claimed to be undisputed by the parties. The problem with the statement of supposedly undisputed material facts is that most of the statements are not undisputed "facts" at all. Presley presented the testimony of several witnesses to the accident but it is absolutely unclear how the impacts occurred, other than Presley swerved into the lane of traffic in which Ross was traveling. The disputed facts include, but are not limited to: which vehicle struck which vehicle first; whether any of the vehicles were able to come to a complete stop before the collisions occurred; and whether it was possible to stop when Presley slid into the left lane.

■ What we know for sure is that all of the vehicles were traveling northbound on Highway 65 at approximately 8:00 a.m.

Stephanie Hart was in the left or interior lane and was following a white van. A dump truck driven by Presley was driving in the right or exterior lane. Ross and Amanda Williams [2] were traveling northbound in the left or interior lane behind Hart. Ross was directly behind Hart and Williams was directly behind Ross. The dump truck suddenly turned sideways and came into the left lane. An accident occurred in which there were several impacts but Presley's vehicle did not come into direct contact with Ross's vehicle and there was a vehicle between Presley and Ross that did not come in contact with Presley.

Presley relies upon *Wilkerson v. Williams,* 141 S.W.3d 530 (Mo.App. S.D. 2004), for the proposition that his actions could not have been the proximate cause of Ross's wreck because a car in front of Ross did not suffer an impact with the car in front of her. Thus, Presley reasons, summary judgment is appropriate. We disagree. To the extent that *Wilkerson* has been interpreted to be a bright line test that any negligence of the drivers of forward vehicles in a multi-car collision cannot constitute a proximate cause of injuries to following drivers where the intervening drivers are able to successfully stop before hitting the vehicles immediately in front of them, *Wilkerson* has been misinterpreted.

*Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708 (Mo. banc 1990), illuminated the importance of analyzing the facts of each case individually when dealing with issues surrounding causation:

> The practical test of proximate cause is generally considered to be whether the negligence of the defendant is that cause or act of which the injury was the natural and probable consequence.... Thus, from the essential meaning of proximate

---

2. Amanda Williams is now Amanda Lampe.

cause arises the principle that in order for an act to constitute the proximate cause of an injury, *some* injury, if not the precise one in question, must have been reasonably foreseeable. The cases discussing proximate cause contain the exasperating caveat that in deciding questions of proximate cause and efficient, intervening cause, each case must be decided on its own facts, and it is seldom that one decision controls another.

*Id.* at 710 (internal citations and quotations omitted).

In contrast to *Wilkerson*, the present case has not proceeded to trial. The facts concerning the accident have not been put into evidence. What we have here are contradictory statements from various witnesses. The statements from the witnesses highlight the differences from the *Wilkerson* case. The vehicles in *Wilkerson* were traveling at low speeds, between 20 and 30 m.p.h., rather than the highway speeds of around 60 to 65 m.p.h. in the present case. *Wilkerson*, 141 S.W.3d at 532. Furthermore, the defendant in *Wilkerson* came to a stop in his lane of traffic rather than suddenly veering into the plaintiff's lane as in the case at hand. *Id.* In *Wilkerson*, the driver of the vehicle directly following the defendant was able to come to "a complete stop about one to two feet behind [the defendant's] vehicle" and then look up into his rearview mirror, realize he was going to be struck by the plaintiffs, and instruct his wife to brace herself. *Id.* The plaintiffs' vehicle collided with the second vehicle, propelling it into the back of the defendant's vehicle. *Id.* The plaintiffs sued the defendant, claiming that he negligently operated his vehicle by failing to keep a lookout and by suddenly stopping without adequate warning. *Id.* The plaintiffs were allowed to proceed on the theory that the defendant was negligent in suddenly stopping his vehicle on the highway without first giving an adequate and timely warning of his intention to stop; however, the trial court granted a directed verdict against the plaintiffs on their careful lookout theory of recovery stating that the defendant was under no legal duty to keep a careful lookout for vehicles following *behind him* on the road before slowing or stopping. *Id.* at 533 (emphasis added). This Court affirmed the trial court grant of a directed verdict on the failure to keep a careful lookout claim. *Id.* at 536. This Court held that the plaintiffs did not make a submissible case on the issue of causation under the facts of that case. *Id.* "*Wilkerson* does not suggest that a trailing driver may never establish proximate causation as to drivers ahead, based simply on the fact that some of the forward drivers were able to successfully stop their vehicles before hitting each other." *Kasper v. Welhoff,* 298 S.W.3d 59, 68 (Mo.App. W.D.2009).

Presley and Ross have offered materials that contain specific facts that are diametrically opposed to each other. Ross and Presley present contradictory testimony as to the chain of events which resulted in the collisions, whether or not cars had completely stopped when the collisions occurred, and the genesis of the accident. Presley claims that he slid into the left lane and one or more vehicles stopped without hitting him before the accidents at issue occurred. Ross, however, disputes such claims and presents testimony that Presley's movement into the left lane set off a succession of events that led to the accidents at issue and that nobody was stopped before the accidents occurred. Likewise, Presley contends that Ross struck Hart and then Ross was struck by Williams. Ross disputes that contention and presents testimony that the accident was instantaneous and/or that it was Williams who struck Ross, the force of

which propelled Ross's vehicle into Hart's. The allegations in this case are that Presley was not in the same lane of traffic as Ross and thus may have had a different duty to drivers in the lane of traffic he was about to enter at 60 m.p.h.

 Negligence is always a question for the jury when there is conflicting evidence on the issue or where, the facts being undisputed, reasonable minds could draw different conclusions therefrom. *Pyle,* 189 S.W.3d at 684. "Neither the trial court nor this [C]ourt is authorized to determine the credibility of statements or testimony made under oath offered in support of or in response to a motion for summary judgment." *Payne v. City of Osage Beach,* 132 S.W.3d 314, 317 (Mo.App. S.D.2004). Disputed facts that may affect the outcome of the lawsuit preclude summary judgment since determinations on contradictory facts is a task for a fact finder at trial. *Id.* Conflicting facts surrounding the origin of an accident and consequences stemming therefrom are material. We find genuine issues of material fact exist on the element of causation that preclude summary judgment. The trial court's entry of summary judgment in favor of Presley is reversed and the case is remanded for further proceedings.

BURRELL, P.J., and LYNCH, J., concur.