# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 2, 2017

## CONVERGING CAPITAL, LLC v. MICHAEL MATTHEWS

**Appeal from the Circuit Court for Davidson County**
**No. 14C740      Kelvin D. Jones, III, Judge**

_____

### No. M2016-02352-COA-R3-CV

_____

This appeal involves the attempt of Converging Capital, LLC, to collect an alleged credit card debt of Michael Matthews. Converging Capital alleged that it owned the debt as a result of a sale of certain accounts receivable from Pilot Receivables Management, LLC, which had earlier bought the debt from Citibank, the issuer of Matthews's alleged MasterCard account. During the trial, Converging Capital presented the testimony of its records administrator. Matthews objected to the introduction of the bills of sale and assignment, and several credit card statements, on hearsay grounds. He also argued that Converging Capital failed to establish that his debt, if any, was included in the sales of the accounts receivable. The trial court overruled these objections and entered judgment against Matthews in the amount of the alleged debt, $55,684.88. We find that Converging Capital failed to meet its burden of proving that it owned the debt. Consequently, we reverse the judgment of the trial court and dismiss Converging Capital's complaint with prejudice. Costs are assessed against Converging Capital.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Ben Powers, Nashville, Tennessee, for the appellant, Michael Matthews.

Carol Alice Humphrey, Little Rock, Arkansas, for the appellee, Converging Capital, LLC.

1

# OPINION

## I.

Along with its complaint, Converging Capital filed an affidavit of account from its "authorized agent [and] person in charge of [its] business records," Crystal Baker, which states as follows:

> That after the allowance of all credits and offsets, the amount that MICHAEL MATTHEWS owed as of the charge off date was $55,624.88. This amount remains due and owing.

(Capitalization in original.) Matthews answered, admitting that "he has made charges on a credit card from Citibank," but stating that he "does not have sufficient knowledge to admit or deny whether this account has been purchased or assigned to the Plaintiff." He further alleged that he did not have sufficient knowledge to admit or deny the allegations of an outstanding balance of $55,684.88 that was unpaid, past due, and owing by him.

At trial, Converging Capital introduced collective exhibit 1, consisting of two bills of sale and assignment and fifteen credit card statements of the MasterCard account issued to Matthews,[1] through its records custodian, Baker. When Baker was asked whether, "as part of your records, do you also have a chain of title as to how Converging Capital acquired this particular account," she replied, "Yes, I do," and referred to the two bills of sale. The first states as follows:

> THIS BILL OF SALE AND ASSIGNMENT . . . is by Citibank, N.A. . . . (the "Bank") to Pilot Receivables Management, LLC . . . ("Buyer").
>
> For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 18, 2012, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file.

---

[1] Six of the account statements refer to a credit card number ending in 4852, and the remaining nine statements refer to a different account number. There is no discussion or explanation in the record of the two account numbers for Matthews. Looking at the charges and balances, it appears likely that the two numbers correspond to the same account, and his credit card account number was changed for an unexplained reason.

(Capitalization in original.) Neither the purchase and sale agreement nor "the Accounts described in Exhibit 1 and the final electronic file" referenced in the above bill of sale were entered into evidence.

The second bill of sale provides as follows:

> PILOT RECEIVABLES MANAGEMENT, LLC ("Seller"), for value received and in accordance with the terms of the Receivables Purchase Agreement by and between PILOT RECEIVABLES MANAGEMENT, LLC . . . and CONVERGING CAPITAL LLC ("Purchaser"), dated as of June 14, 2013 (the "Agreement"), which is incorporated herein by reference, does hereby sell, assign, and transfer to Purchaser all of its good and marketable title, free and clean of all liens, claims and encumbrances in and to the Receivables listed in the Closing Statement attached as Exhibit A to the Agreement, without recourse and without representation or warranty of collectability, or otherwise, except to the extent stated in the Agreement.

(Capitalization in original.) No document referenced above in the bill of sale, including the Receivables Purchase Agreement and the closing statement listing the accounts sold, was entered into evidence. Matthews objected, arguing that the documents were hearsay, and that "[Matthews's account is] not listed on either of the documents," referring to the proffered bills of sale. Converging Capital successfully argued that the hearsay exception for business records of a regularly conducted activity, Tenn. R. Evid. 803(6), applied. Neither Converging Capital nor the trial court specifically addressed Matthews's argument that the bills of sale did not prove that his account was among those sold. Baker did not testify that it was.

The trial court ruled that the documents challenged as hearsay were admissible under the business records exception. In its final judgment, the court held:

> According to the testimony of the Plaintiff's Records Custodian, Crystal Baker, the balance due of $55,624.88 is accurate and past due after the default of Defendant, giving credit for all payments and offsets.
>
> Defendant's defenses are not valid based on the proof presented; Plaintiff has in fact stated a claim for relief, has

established a valid chain of title from the original creditor, Citibank, NA, and has proven this claim to be within the applicable statute of limitations.

(Numbering in original omitted.) Matthews timely filed a notice of appeal.

## II.

Matthews raises the following issues:

> Whether the trial court erred in admitting the proffered evidence under the business records exception to the hearsay rule.

> Whether the trial court erred in finding that Matthews owed a debt to Converging Capital in the amount of $55,624.88.

The second issue is dispositive of this appeal. Even assuming, without deciding, that the trial court ruled correctly on the hearsay issue, and therefore the evidence was properly admitted and considered, it does not establish that Matthews's debt was included in the sale of the accounts receivable in the chain of title culminating in Converging Capital.

## III.

When, as here, the trial court sits without a jury, we review the trial court's findings of fact in the record with a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); ***Armbrister v. Armbrister,*** 414 S.W.3d 685, 692 (Tenn. 2013). We review a trial court's conclusions of law under a de novo standard with no presumption of correctness attaching to the trial court's legal conclusions. ***Campbell v. Florida Steel Corp.,*** 919 S.W.2d 26, 35 (Tenn. 1996); ***Union Carbide Corp. v. Huddleston,*** 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.

In ***LVNV Funding, LLC v. Mastaw***, No. M2011-00990-COA-R3-CV, 2012 WL 1534785, at *5 (Tenn. Ct. App., filed Apr. 30, 2012), this Court, addressing a creditor's similar claim to collect a credit card debt, stated:

> In an action to collect a debt, the plaintiff creditor bears the burden of proving the existence of the debt and that the debtor

is indebted to the creditor in a certain amount. ***Bellsouth Adver. & Publ. Corp. v. Wilson***, No. M2006–00930–COA–R3–CV, 2007 WL 2200170, at \*5; 2007 Tenn. App. LEXIS 496, at \*12 (Tenn. Ct. App. July 30, 2007). In this case, because LVNV is not the original creditor as to Mastaw's Sears Gold MasterCard, LVNV must also prove by a preponderance of the evidence that it is the owner of Mastaw's debt. *See* ***Cach, LLC v. Askew***, 358 S.W.3d 58, 62 (Mo. 2012) (citing ***Midwestern Health Mgmt., Inc. v. Walker***, 208 S.W.3d 295, 298 (Mo. App. 2006)) (requiring "every link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing.") *See also* ***Cuda & Assoc., LLC v. Lumpkin***, No. NNHCV9095031901, 2011 WL 6413674, at \*1, 2; 2011 Conn. Super. LEXIS 3025, at \*2, 6-7 (Conn. Super. Ct. Nov. 29, 2011) ("the plaintiff must demonstrate . . . that it is the valid assignee of an existing debt" and that the record was *made* in the regular course of business). Therefore, we look at whether LVNV met its burden of proving that Mastaw is in fact indebted to LVNV, and the amount of such debt.

(Emphasis in original.) In this case, because Converging Capital is not the original owner, it must likewise prove "every link in the chain" between it and Matthews. Matthews argues that a link is missing, pointing out in his brief that "Ms. Baker never testified that Matthews's Citibank account was included in the respective exhibits that listed the accounts being purchased pursuant to the Bill of Sale between Citibank and Pilot nor pursuant to the Assignment of Bill of Sale between Pilot and Converging Capital." We agree. Converging Capital did not meet its burden of proof to establish it is the owner of the debt. *See* ***Mastow***, 2012 WL 1534785, at \*8 n.12 (similarly observing that "[t]he assignment agreements in Exhibits 2 and 3 show the trail of assignment of debts to LVNV, but do not sufficiently identify Mastaw's debt as among those assigned."). Converging Capital's complaint is hereby dismissed with prejudice.

## V.

The judgment of the trial court is reversed. Costs on appeal and at the trial court level are assessed to the appellee, Converging Capital, LLC. The case is remanded to the

trial court for collection of costs assessed at trial and on appeal.

_____
CHARLES D. SUSANO, JR., JUDGE